EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Jane Hoffman Mouriño | 2007 TSPR 114 171 DPR _____ |
|---|---|

Número del Caso: CP-2005-9

Fecha: 7 de mayo de 2007

Oficina del Procurador General:

Lcda. Noemí Rivera De León
Procuradora General Auxiliar

Abogado de la Parte Peticionaria:

Lcdo. Osvaldo Toledo Martínez

Materia: Conducta Profesional
(La suspensión del abogado advino final y firme el 7 de junio de 2007)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Jane Hoffman Mouriño                    CP-2005-9

PER CURIAM

San Juan, Puerto Rico, a 7 de mayo 2007

La licenciada Jane Hoffman Mouriño fue admitida al ejercicio de la abogacía en Puerto Rico el 1ero de noviembre de 1978 y al ejercicio del notariado el 30 de noviembre del mismo año. El 27 de febrero de 1990, la suspendimos del ejercicio de la profesión reinstalándola el 15 de junio de 1990.

La queja de epígrafe se inició con una resolución emitida por el Tribunal de Apelaciones en el caso Pueblo v. Alexander Guevara López, KLAN 02000152, en la que se nos refirió la conducta de la licenciada Hoffman durante el trámite de perfeccionamiento de dicha apelación. Veamos entonces los hechos que dan base a la querella de epígrafe.

I

El señor Alexander Guevara López fue condenado por la comisión del delito de asesinato en primer grado y violaciones a la Ley de Armas. El 13 de febrero de 2002, a través de su representación legal, la licenciada Hoffman Mouriño, presentó el correspondiente escrito de apelación ante el entonces Tribunal de Circuito de Apelaciones. Éste se acompañó con una moción solicitando permiso para regrabar los procedimientos del juicio para así presentar la transcripción de la prueba oral. El 11 de marzo de 2002, el tribunal apelativo autorizó la regrabación y concedió un plazo de cuarenta (40) días, a partir de la regrabación, para presentar la transcripción de la prueba.

El 1ero de mayo, el foro apelativo emitió una resolución en la cual dispuso que habían transcurrido los cuarenta días desde su resolución original y el apelante no había informado del trámite realizado para cumplir con lo ordenado el 11 de marzo de 2002. **La querellada no respondió a la orden emitida por el tribunal.** Así las cosas, el 18 de junio de 2002, el tribunal apelativo emitió una nueva resolución reseñando el incumplimiento del apelante y su representación legal y ordenó que "en un plazo que no exceda de 10 días", se le informara de las gestiones efectuadas para cumplir con el trámite requerido para perfeccionar el recurso. En dicha orden se le apercibió al apelante que el incumplimiento con lo ordenado podría dar lugar a la "desestimación de la

apelación o la imposición de sanciones a su representante legal."

El 21 de junio, el apelante a través de la licenciada Hoffman presentó un breve escrito titulado "Moción en cumplimiento de Orden de Informar", donde se indicó que "finalmente" se había recibido la notificación sobre las cintas y los aranceles requeridos para la regrabación. En el escrito se informó también que en esa fecha se estarían "sometiendo los *cassettes* y los honorarios **de inmediato.**" (Énfasis nuestro.)  Se solicitó un término razonable para preparar la transcripción.

El 18 de agosto, el Tribunal de Apelaciones emitió una resolución en la que indicó que había transcurrido en exceso el término de cuarenta días desde que la Secretaria de Servicios a Sala solicitó del apelante que depositara los honorarios para la regrabación y no se había informado al foro apelativo de las gestiones para completar la regrabación y la transcripción.  Se le concedió a la representante legal del apelante el término de 10 días para que informase sobre las gestiones realizadas a esos efectos, bajo apercibimiento de imposición de sanciones.

Aun cuando en su moción de 27 de junio la querellada había informado al Tribunal de Apelaciones que estaría depositando los honorarios para la tramitación de la regrabación de inmediato, lo cierto es que a la fecha de de la resolución del 18 de agosto, dicho dinero no había sido consignado.  No fue sino hasta el 28 de agosto de 2002 que

finalmente se consignaron los honorarios así como se sometieron las cintas necesarias para la regrabación. En esa misma fecha, se le informó al tribunal apelativo del cumplimiento con la resolución del 18 de agosto. La querellada solicitó un término para transcribir.

Atendiendo la petición del apelante, el foro apelativo dispuso el 9 de septiembre de 2002, que una vez se reprodujera la grabación, el apelante contaría con un término de cuarenta (40) días para presentar la trascripción certificada. El 30 de septiembre, el foro apelativo emitió una nueva resolución indicando que, habiéndose completado la regrabación, el plazo para someter la transcripción o exposición narrativa expiraba el 29 de octubre de 2002.

Al no haberse sometido documento alguno ante el tribunal apelativo intermedio para el 29 de octubre, éste le ordenó a la querellada "que muestre causa por la cual no deba imponérsele una sanción por la falta de diligencia demostrada en el trámite del caso." Se le ordenó cumplir en veinte (20) días con lo previamente ordenando, nuevamente bajo apercibimiento de sanciones.

**La querellada hizo caso omiso de la orden del tribunal.** Así las cosas, el 21 de enero de 2003 dicho tribunal impuso una sanción económica de $200.00 por desatender sus órdenes. Le ordenó nuevamente producir, en el término de veinte días, la transcripción o la exposición estipulada de la prueba con apercibimiento de sanciones adicionales de incurrir en nuevos incumplimientos.

**La licenciada Hoffman incumplió nuevamente con la orden del tribunal.** En atención a lo cual el foro apelativo el 27 de febrero de 2003, emitió otra resolución detallando los incumplimientos de la querellada y le impuso una nueva sanción económica, en esta ocasión, de $300.00. Le concedió un nuevo término de veinte días para presentar la exposición narrativa estipulada o la transcripción. La resolución dictada señalaba que cualquier incumplimiento ulterior conllevaría sanciones económicas adicionales y el referido del asunto al Tribunal Supremo. Copia de dicha resolución se le notificó personalmente a la licenciada Hoffman Mouriño.

El 14 de marzo de 2003, la licenciada Hoffman presentó una moción ante el Tribunal de Apelaciones en la que expresó, por primera vez, las razones por las cuales según ella, no había podido presentar la transcripción de la prueba. Indicó en su moción que no había tenido contacto alguno con los familiares del su cliente para que pagaran el importe de la transcripción de la prueba "que no resultará menor de $2,500.00 o $4,00.00." Pidió que se dejara sin efecto la sanción impuesta por entender ella que el plazo que se dio para el pago "era más direccional que de cumplimiento estricto". Finalmente, solicitó que se le concediera un término adicional para "escuchar la regrabación" y preparar una exposición narrativa de la prueba, en sustitución de la transcripción. El tribunal rehusó dejar sin efecto la sanción e indicó que era la primera vez "desde el 18 de septiembre de 2002, cuando la Secretaria de Servicios de Sala

del tribunal apelado le entregó una duplicación electrónica de la grabación de la prueba," que se exponían razones para explicar la dilación en completar la transcripción. El tribunal, no obstante, le concedió un plazo adicional de noventa (90) días para presentar el proyecto de exposición narrativa de la prueba. Finalmente, se le ordenó a la querellada que consignara la sanción impuesta.

**La querellada consignó parte de las sanciones que le había impuesto**, obligando al tribunal apelativo a emitir una nueva resolución en la que destacó que aún faltaba por cumplir con la sanción de $300.00 que le había sido impuesta. En esta ocasión se sometió la cantidad adeudada.

**Transcurrido los 90 días para presentar el proyecto de exposición narrativa de la prueba, la querellada no presentó la misma ni solicitó plazo adicional para así hacerlo.** El foro apelativo emitió una resolución ordenando a la querellada que mostrara causa por la cual no debía ser sancionada. **Ésta no compareció.** Ante el reiterado incumplimiento de la querellada el Tribunal de Apelaciones emitió una extensa resolución relatando las incidencias acaecidas en la tramitación de la exposición narrativa en el pleito que pendía ante sí y remitió el asunto ante nuestra consideración. En la resolución dictada el tribunal concluyó lo siguiente:

> Nuevamente, la representación legal del apelante ha dejado de cumplir con los términos para presentar su proyecto de exposición estipulada, sin comparecer ante este Tribunal para justificar tal incumplimiento, y ha ignorado los apercibimientos que se le han hecho sobre tal falta de diligencia.

Este Tribunal no puede permitir tal grado de contumacia por tercera vez por parte de la representación legal del apelante, lo que nos obligue a imponerle una sanción adicional de $400.00 en sellos de rentas internas a ser cancelados en la Secretaria de este Tribunal dentro de un plazo de 30 días a partir de la notificación de esta resolución y se le ordena que en ese mismo lazo presente el proyecto de exposición estipulada de la prueba que le fue ordenada, o exponga la causa justificada para una dilación ulterior.

Además se ordena a la Secretaria general de este Tribunal que notifique copia de esta resolución a la Secretaria General del Tribunal Supremo para el trámite que ésta estime apropiado.

El 28 de octubre, habiendo transcurrido el término concedido sin que se presentara la exposición narrativa de la prueba, el tribunal apelativo **procedió a descalificar a la licenciada Hoffman como abogada de récord en el caso Pueblo v. Alexander Guevara López, KLAN02000152, refiriendo copia de dicha resolución nuevamente ante nuestra atención.**[1] El 13 de noviembre, la querellada compareció ante el foro apelativo intermedio solicitando que se dejara sin efecto su descalificación por haber justa causa en el incumplimiento de los plazos concedidos. Indicó en su escrito que había perdido contacto con la persona que contrató para preparar la transcripción lo que le causó hipertensión y se le recomendó descanso. Aseveró también que las notas del caso se las había entregado a esta persona por lo cual no las tenía disponible lo que dificultó su tarea. Reiteró las dificultades de comunicación con los familiares del apelante

---

[1] El tribunal posteriormente le asignó nueva representación legal al apelante para que continuara con el proceso ya iniciado.

para que le ayudaran con los gastos para el perfeccionamiento del recurso. Solicitó un plazo final para culminar con el proceso. El tribunal proveyó un no ha lugar a la solicitud.

Así las cosas, una vez este Tribunal recibió el referido del Tribunal de Apelaciones remitimos el mismo al Procurador General para investigación e informe. El 17 de junio de 2004 éste sometió el correspondiente informe. En el mismo, el Procurador General señaló que la querellada había indicado en su comparecencia que tenía una práctica legal voluminosa por lo que, ante la falta de tiempo para atender todos sus casos personalmente, contrató los servicios del señor José L. Núñez López para que la ayudara con la investigación jurídica y redacción de apelaciones y que desconocía que el señor Núñez López no estaba atendiendo los casos diligentemente. En su escrito ante el Procurador la querellada indicó que aunque delegó "la administración de los casos", reconoce que su responsabilidad es indelegable. La licenciada Hoffman Mouriño informó que el señor Núñez López tiene un grado de *juris doctor* y fue separado de la práctica legal de la profesión en el año 1984. Apuntó también que la costumbre de delegar "la administración" de los casos es una práctica común de la profesión. La licenciada Hoffman Mouriño solicitó disculpas por lo acontecido e indicó que había despedido al señor Núñez López e implantado un sistema de seguimiento de casos.

El Procurador General en su informe citó directamente del escrito de la licenciada Hoffman donde relataba el

alcance del trabajo que desempeñaba en señor Núñez, le citamos:

> Una vez el señor Núñez López comenzó a trabajar, todo fluía bien, las resoluciones y órdenes eran atendidas inmediatamente era (sic) recibidas, los borradores de las mociones a ser radicadas nos llegaban con tiempo suficiente para realizar su inspección, corrección, consecuente firma y radicación. La forma y manera en que se atendían estos casos creó un ambiente de confianza para con una persona que podía trabajar con la mínima supervisión. Aún así, manteníamos un monitoreo semanal de los asuntos concernientes a los casos en apelación que era lo único que atendía, en todo momento nos informaba que todo estaba bajo control, que toda estaba siendo atendido adecuadamente.

El Procurador General al reaccionar a las aseveraciones de la licenciada Hoffman, nos informó que las mismas "parecen indicar que ésta delegaba una gran responsabilidad en el señor Núñez López. El solo hecho de preparar mociones para su firma presupone que la querellada estaba permitiendo que el señor Núñez López continuara haciendo trabajo estrictamente legal sin estar autorizado a ejercer la profesión, lo cual podría conllevar una violación ética adicional de parte de la querellada." La querellada rechazó la inferencia hecha por el Procurador General.

El informe del Procurador concluyó, a la luz de los hechos reseñados y las normas éticas aplicables, que la licenciada Hoffman Mouriño había incurrido en violación al Canon 9 de los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 9.

Una vez recibimos el informe del Procurador General, le ordenamos que presentara querella por violación a los Cánones 9 y 18 de los de Cánones de Ética Profesional. 4 L.P.R.A.

Ap. IX, C. 9 y 18.  El 26 de abril de 2005, el Procurador

General presentó la correspondiente querella imputando la

comisión de violación a los Cánones 9 y 18 de Ética

Profesional.[2]

El 18 de mayo de 2005, la querellada presentó su

contestación a la querella instada.  Respecto el primer cargo

imputado, ésta indicó que en el mismo se detallan "los hechos

acontecidos en el caso que propicia la radicación de [la

querella] . . ., así como las causas y las medidas correctiva

que tomamos inmediatamente advinimos en conocimiento de los

problemas surgidos por las acciones y omisiones de la persona

en la que habíamos delegado la administración de éste, y

otros casos activos en nuestra oficina."  En cuanto al

segundo cargo, la querellada expresó no estar de acuerdo.  A

esos efectos apuntó que el señor Guevara "siempre fue

representado digna y adecuadamente, siempre dentro de los

parámetros contemplados en el Canon de Ética referido.  El

---

[2] El Procurador General imputó los siguientes dos cargos:

> Cargo I
> La Lcda. Jane Hoffman Muoriño incurrió en conducta
> en violación al Canon 9 de los de Etica
> Profesional, 4 L.P.R.A. Ap. IX, C. 9, el cual
> dispone, entre otras cosas, que un abogado debe
> observar para con los tribunales una conducta que
> se caracterice por el mayor respeto.

> Cargo II
> La Lcda. Jane Hoffman Mouriño, incurrió en conducta
> en violación al Canon 18 de los de Etica
> Profesional, 4 L.P.R.A. Ap IX, el cual, entre otras
> cosas, obliga a todo abogado a defender los
> interese de su cliente diligentemente, desplegando
> en cada caso su mas profundo saber y habilidad y
> actuando en aquella forma que la profesión jurídica
> en general estima adecuada y responsable.

hecho que se incumpliera con una orden del Tribunal de Apelaciones y que este incumplimiento se repitiera en varias ocasiones, no daño (sic), lesionó ni limitó las oportunidades del apelante ante este Honorable Foro."

Finalmente, solicitó las indulgencias del Tribunal y nos expresó su "más profundo arrepentimiento por los efectos adversos que este asunto haya causado."

Así las cosas, nombramos al licenciado Enrique Rivera Santana, Comisionado Especial para atender en dicha querella. Luego de varios incidentes procesales que no hay que relatar, el 20 de junio de 2006 se celebró la vista en su fondo. A la misma la querellada compareció representada por abogado.

El Procurador General sometió su caso a base de los documentos que obraban en el expediente de la queja y la prueba documental que presentó en la vista sobre el estado de los procedimientos previamente celebrada. La querellada por su parte presentó varios documentos adicionales además de presentar el testimonio oral del confinado Alexander Guevara López, quedando así el caso sometido.

El 25 de agosto de 2006, el Comisionado Especial sometió ante este Tribunal su informe. En el mismo, luego de relatar los hechos previamente reseñados concluyó que en efecto la conducta de la licenciada Hoffman Mouriño constituyó violación a los Cánones 9 y 18 de los de Ética Profesional. Específicamente, el Comisionado Especial dispuso en su informe que la razón esgrimida por la querellada para su incumplimiento, a saber: que lo ocurrido se debió a "las

acciones y omisiones de la persona en la que habíamos delegado la administración" del caso, no la eximen de responsabilidad y "no debe dar lugar a una exoneración. El abogado es responsable por las acciones y omisiones del personal de su oficina."

Oportunamente, la querellada presentó, a través de su representación legal, sus comentarios y objeciones al informe del Comisionado Especial. En este escrito se señaló que no se estaba conforme con la aseveración de que la querellada no cumplió con las órdenes del tribunal apelativo pues, "la querellada cumplió con dichas órdenes, la querellada tardó en cumplir con varias órdenes." Se indicó que fueron varios los problemas confrontados por la querellada durante el trámite de la apelación ante el Tribunal de Apelaciones, a saber: "la demora de Secretaría en informarle los costos de la regrabación de la prueba, problemas personales, problemas de salud, problemas que ocasionaron que demorara en cumplir a tiempo con algunas de las órdenes del Tribunal Apelativo, pero jamás tal demora puede imputársele a que ésta de forma voluntaria quisiera incumplir, su actitud fue una de respeto hacia el Foro, fue una de lamentar lo que pasó, pero jamás fue una de cuestionar o no obedecer lo que se le ordenó." Se arguyó que las demoras en cuestión no le causó daño a nadie. Finalmente, se solicitaron las indulgencias de este Tribunal y se señaló que la licenciada Hoffman Mouriño tomó la medidas correctivas necesarias para que no se repitiese un incidente como el que nos ocupa.

El asunto quedó sometido ante nuestra atención el 26 de septiembre de 2006. Pasamos entonces a evaluar el mismo.

**II**

**A**

El Canon 9 de los Cánones de Ética Profesional le exige a los miembros de la profesión legal el deber de observar para con los tribunales una conducta que se caracterice por el respeto y la diligencia. *In re Grau Díaz*, 154 D.P.R. 70, 75 (2001). La naturaleza de la función del abogado requiere de éste una escrupulosa atención y obediencia a las órdenes que emiten los tribunales. *In re Torres Sepúlveda*, res 19 de septiembre de 2003, 160 D.P.R. ___, 2003 T.S.P.R. 170. La desatención a dichas órdenes constituye un grave insulto a la autoridad de los tribunales, en clara violación al mandato expreso del Canon 9. *In re González Carrasquillo*, res. 24 de mayo de 2005, 164 D.P.R. ___, 2005 T.S.P.R. 78; *In re Grau Díaz, supra*; *In re Maldonado Rivera*, 147 D.P.R. 380 (1999); *In re Otero Fernández*, 145 D.P.R. 582 (1998).

Igualmente, el incumplimiento continuo con las órdenes de un tribunal causa demoras irrazonables en el trámite de los casos, afectando así la administración de la justicia. En incontables instancias hemos reiterado que este precepto ético exige de todo abogado el cumplimiento puntual y diligente de las obligaciones voluntariamente asumidas. *In re Claudio Ortiz*, 141 D.P.R. 937 (1996); *In re Colón Torres*, 129 D.P.R. 490 (1991).

No podemos perder de vista que la abogacía cumple una función social de notable importancia por su aportación imprescindible a la realización de la Justicia.  El abogado, además de defensor de su cliente es colaborador de la Justicia.  La buena marcha del proceso judicial del país es responsabilidad ineludible de todo miembro de la profesión legal.  *In re Marini Román*, res. 6 de octubre de 2005, 165 D.P.R. ____, 2005 TSPR 148.

**B**

Por otro lado, el Canon 18 le exige a todo abogado el deber de desempeñarse de forma capaz y diligente al defender los intereses de su cliente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.  *In re Meléndez La Fontaine*, res. 9 de febrero de 2006, 167 D.P.R. ____, 2006 T.S.P.R. 22. Este deber es infringido cuando se asume una representación legal consciente de que no se puede rendir una labor idónea, competente, o que no puede prepararse adecuadamente para el caso, sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la Justicia.  *In re Meléndez Figueroa*, res. 15 de noviembre de 2005, 166 D.P.R. ____, 2005 T.S.P.R. 177; *In re Marini Román*, *supra*; *In re Collazo Maldonado*, 159 D.P.R. 141 (2003).

Reiteradamente hemos establecido que todo miembro de la profesión legal tiene el ineludible deber de defender

los intereses de su cliente con el compromiso de emplear la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez. *In re Meléndez Figueroa*, *supra*; *In re Martínez Miranda*, res. 18 de septiembre de 2003, 160 D.P.R. ____, 2003 T.S.P.R. 149. Su gestión profesional debe llevarse a cabo aplicando en cada caso sus conocimientos y habilidades y su desempeño profesional debe ser siempre uno adecuado, responsable, capaz y efectivo. *In re Collazo Maldonado, supra*; *In re Alonso Santiago*, res. 13 de septiembre de 2005, 165 D.P.R. ____, 2005 T.S.P.R. 137; *In re Grau Díaz*, 154 D.P.R. 71 (2001). En el pasado, hemos dispuesto que aquella actuación negligente que pueda conllevar o en efecto conlleve, la desestimación o archivo de un caso, se configura violatoria del Canon 18. *E.g., In re Guadalupe Díaz*, 155 D.P.R. 135, 154-155 (2001).

Los abogados, como oficiales del tribunal, tienen una función revestida de gran interés público que genera obligaciones y responsabilidades duales para con sus clientes y con el tribunal en la administración de la justicia. *In re Ortiz Morales*, res. 8 de noviembre de 2005, 166 D.P.R. ____, 2005 T.S.P.R. 199. Ello les impone el deber de asegurarse que sus actuaciones dentro de cualquier caso en que intervengan estén encaminadas a lograr que las controversias sean resueltas de una manera justa, rápida y económica. *In re Vélez Barlucea*, 152 D.P.R. 298 (2000). En consecuencia, este deber de diligencia profesional del abogado es del todo incompatible

con la desidia, despreocupación y displicencia. *In re Padilla Pérez*, 135 D.P.R. 770, 776 (1994).

Apliquemos entonces la normativa antes reseñada a los hechos que dieron base a la querella presentada.

**III**

Los hechos en este caso demuestran, fehacientemente, que la querellada desatendió e incumplió, o cumplió parcial y tardíamente, las órdenes dictadas por el Tribunal de Apelaciones. Su incumplimiento fue de tal naturaleza grave que el foro apelativo se vio precisado a imponerle en tres ocasiones separadas, sendas sanciones económicas. Y finalmente, optó por descalificarla, ante su reiterado incumplimiento.

A poco que revisemos los escritos presentados por la querellada nos percatamos que en cada ocasión se ofrecieron razones distintas para los incumplimientos, a saber: inicialmente se adujo ante el Tribunal de Apelaciones que no aparecían los familiares del confinado para pagar por la transcripción, luego se indicó que desapareció la transcriptora contratada con las notas de la querellada, lo que causó problemas de salud. Ante el Procurador General se informó que el señor Núñez López contratado por la querellada para tramitar apelaciones no había trabajado diligentemente con los casos asignados por lo que ella desconocía lo que ocurría. Finalmente, y en reacción al informe del Comisionado, se adujeron todas las excusas antes mencionadas para explicar lo ocurrido además de señalarse que la

Secretaria de Servicios a Sala había tardado en informar el costo de la regrabación y los *cassettes* necesarios para la misma. Todas estas explicaciones estuvieron salpicadas con expresiones de arrepentimiento.

No nos satisfacen las explicaciones ofrecidas por la querellada. Advertimos que estas "explicaciones" se ofrecieron luego de que se desatendieran las órdenes del tribunal y éste se viera obligado a imponer sanciones o a indicarle que se las impondría. El trámite en este caso apunta, como poco, a una clara falta de diligencia de parte de la licenciada Hoffman Mouriño en el perfeccionamiento de la apelación de su cliente en un caso criminal.

De otra parte, las excusas ofrecidas por la querellada en el sentido que delegó la "administración" de este asunto en una persona por ella contratada y que ésta incumplió y no le informó adecuadamente de lo que estaba pasando en el caso nos parece, sorprendente. Su "explicación" revela que ésta se desatendió del proceso apelativo del caso del señor Guevara y que lo delegó completamente **en una persona no autorizada a ejercer la profesión legal, a la que no supervisó**. Este proceder es altamente censurable pues para todos los efectos prácticos, en este caso en particular, el señor Nuñez López se convirtió en el "abogado *de facto*" en la apelación pendiente ante el Tribunal de Apelaciones.

No hay duda que el abogado requiere de personal de apoyo para descargar adecuadamente su responsabilidad para con sus clientes. Así, dependiendo de la práctica, el abogado busca

reclutar no tan sólo el personal oficinesco que de ordinario se contrata, sino también investigadores, emplazadores, oficiales jurídicos, ayudantes legales, etcétera. El abogado viene obligado sin embargo a informar a este personal de apoyo sobre los aspectos éticos del trabajo que desempeñan, en específico, debe cerciorarse de que la conducta de sus empleados sea cónsona con sus obligaciones éticas como abogado. Después de todo, **el abogado es responsable por las acciones y omisiones del personal de su oficina.** *In re Alvarado Tizol*, 122 D.P.R. 587 (1988). Véase además, ABA *Model Rules of Professional Conduct*, R. 5.3(b); *Restatement of the Law Governing Lawyers*, sec. 11(4). Es evidente que ello no ocurrió en esta ocasión. Reiteramos, la licenciada Hoffman Mouriño no actuó diligentemente durante el proceso de perfeccionamiento de la apelación del señor Guevara es evidente que se desligó por completo del asunto.

La responsabilidad de la licenciada Hoffman Mouriño era darle seguimiento personalmente al proceso apelativo pendiente. Si ésta, por el volumen de trabajo que tenía no podía asumir la representación legal del señor Guevara no lo debió haber hecho. Una vez aceptó representarlo, todo lo que ocurrió durante la apelación era de su completa responsabilidad.

El incumplimiento de la querellada causó demoras irrazonables en el trámite de la apelación que ésta instó a nombre de su cliente quien había sido encontrado culpable del delito imputado y se encontraba confinado en ese momento. No

hay duda que ésta faltó a su deber de diligencia en la tramitación de la apelación. Nótese que el 11 de marzo de 2002 se ordenó regrabar y transcribir la prueba oral para que se perfeccionara la apelación. Año y medio después, en octubre de 2003, no se había cumplido con lo ordenado. El señalar que ello obedeció a que la Secretaria de Sala no había informado el costo de la regrabación sin haber hecho gestión afirmativa alguna durante ese tiempo, es poco menos que irresponsable.

No albergamos duda, a base de lo anterior, que las acciones de la licenciada Hoffman Mouriño no estuvieron a la altura de la responsabilidad ética que imponen los Cánones 9 y 18 del Código de Ética Profesional. La licenciada Hoffman Mouriño tenía el ineludible deber de defender los intereses de su cliente de forma capaz, efectiva y responsable. No podemos concluir que la forma en que se atendió el perfeccionamiento de la apelación criminal sea reflejo de ese estándar ético esperado de todo miembro de la clase togada. Adviértase que estamos ante un caso de naturaleza criminal donde lo que está en juego es la libertad de una persona, lo que requiere un grado aun mayor de responsabilidad y rigurosidad en el manejo de los asuntos procesales.

En atención a lo cual, somos del criterio que la conducta de la licenciada Hoffman Mouriño configuró una clara violación a los Cánones 9 y 18 de los Cánones de Ética Profesional, lo que amerita la imposición de una suspensión del ejercicio de la abogacía por un período de tres (3)

meses; término que comenzará a contarse a partir de la notificación de la presente Opinión y Sentencia. Le imponemos a ésta el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

El Alguacil de este Tribunal procederá de inmediato a incautarse de la obra notarial y sello notarial de la Jane Hoffman Mouriño, debiendo entregar las mismas a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re


Jane Hoffman Mouriño                    CP-2005-9



SENTENCIA

San Juan, Puerto Rico, a 7 de mayo 2007

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, los cuales se incorporan íntegramente a la presente, se suspende a la licenciada Hoffman Mouriño del ejercicio de la abogacía por un período de tres (3) meses; término que comenzará a contarse a partir de la notificación de la presente Opinión Per Curiam y Sentencia.

Le imponemos a ésta el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

El Alguacil de este Tribunal procederá de inmediato a incautarse de la obra notarial y sello notarial de la Lcda. Jane Hoffman Mouriño, debiendo entregar las mismas a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se ordena a su vez que esta Opinión Per Curiam y Sentencia sea notificada personalmente a la licenciada Hoffman Mouriño por la Oficina del Alguacil de este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López emite un Voto Particular de Conformidad al cual se le une el Juez Asociado señor Rivera Pérez.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo

ESTADO LIBRE ASOCIADO DE PUERTO RICO

*In re*

Jane Hoffman Mouriño

CP-2005-9

VOTO PARTICULAR DE CONFORMIDAD EMITIDO POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ AL CUAL SE UNE EL JUEZ ASOCIADO SEÑOR RIVERA PÉREZ

San Juan, Puerto Rico, a 7 de mayo de 2007

Aun cuando estoy <u>conforme</u> con la Opinión *Per Curiam* que hoy emite el Tribunal en el recurso de epígrafe, intereso expresarme, por separado, respecto a una situación particular presente en el caso que siempre ha sido motivo de honda preocupación de nuestra parte.

Nos referimos al hecho de que, conforme la relación de hechos que se hace en la ponencia, la Lcda. Hoffman Mouriño se <u>desatendió</u> <u>totalmente</u> del caso y lo <u>delegó completamente</u> en una persona <u>no</u> autorizada a ejercer la profesión legal; <u>de hecho, esta persona fue</u> <u>separada del ejercicio de la profesión de</u> <u>abogado en nuestra jurisdicción</u>.

En el Voto Particular Disidente que emitiéramos en *In re Farinacci García*, res. el 28 de enero de 2005, 2005 TSPR 6, expresamos, en lo pertinente, que:

> No cabe duda que un abogado desaforado por este Tribunal que asesora o aconseja a una persona o institución sobre la aplicabilidad o no de una ley a una situación de hechos en particular o sobre el curso de acción o estrategia a seguir en determinados procedimientos en que se ventilan derechos de las partes, está realizando una de las funciones principales, y más importante, de la profesión legal. ...
>
> No podemos permitir esa clase de conducta; esto es, no podemos "hacernos de la vista larga", ... [respecto] a un miembro de la profesión que es desaforado y que, abiertamente, continúa practicando la profesión al actuar como asesor legal o laboral de instituciones y de personas a cambio de remuneración económica. Ello, además de constituir una burla al poder disciplinario de este Tribunal, podría constituir una violación a la Sección 7 de la Ley Núm. 17 de 10 de junio de 1939, 4 L.P.R.A. sec. 740, sobre el ejercicio ilegal de la profesión de abogado en nuestra jurisdicción. Realmente no alcanzamos a comprender cómo el Tribunal puede avalar esta situación.

Un análisis de la relación de hechos del presente caso demuestra, sin lugar a dudas, que la persona en quien delegó el caso la Lcda. Hoffman Mouriño --el Sr. José L. Núñez López, quien, repetimos, fue desaforado por este Tribunal-- practicó ilegalmente la profesión de abogado al "atender" el caso de su cliente Alexander Guevara López. En otras palabras, la Lcda. Hoffman Mouriño ha patrocinado, o contribuido, a que una persona viole la Sección 7 de la Ley Nú|m. 17 del 10 de junio de 1939, 4 L.P.R.A. sec. 740, esto es, el ejercicio ilegal de la profesión de abogado.

El asunto se complica, si es que ello es posible, cuando consideramos las expresiones de la Lcda. Hoffman Mouriño a los efectos de que "la <u>costumbre de delegar</u> 'la administración' de los casos es una <u>práctica común</u> de la profesión." (Énfasis suplido.)

Si es que ello es así, este Tribunal --sin dilación alguna-- debería ordenar una amplia y rigurosa investigación de esta situación. No debemos cerrar los ojos y negarnos a atender, y resolver, tan preocupante y peligrosa situación.


                                        FRANCISCO REBOLLO LÓPEZ
                                            Juez Asociado