AB-2000-3                                                          1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Juan C. Grau Díaz | Queja<br><br>2001 TSPR 70 |

Número del Caso: AB-2000-3

Fecha: 1/mayo/2001

Oficina del Procurador General:

                              Lcdo. Miguel A. Santana Bagur
                              Procurador General Auxiliar

Abogado de la Parte Querellada:
                              Lcdo. José Orlando Grau Collazo

Materia: Conducta Profesional
        (La suspensión es efectiva a partir del 8 de mayo de 2001, fecha en que se le
        notificó al abogado el Per Curiam y Sentencia)

    Este documento constituye un documento oficial del Tribunal Supremo que está
    sujeto a los cambios y correcciones del proceso de compilación y publicación
    oficial de las decisiones del Tribunal. Su distribución electrónica se hace
    como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

  Juan C. Grau Díaz                         AB-2000-3        Queja

PER CURIAM

San Juan, Puerto Rico, a 1 de mayo de 2001.

I

    La conducta que da lugar a la presente acción disciplinaria tiene su génesis en el caso *El Pueblo de Puerto Rico v. Juan R. Lozada Díaz*, Criminal Núm. VP99-252199-1300, ventilándose ante el Tribunal de Primera Instancia. El 28 de septiembre de 1999, el Lic. Juan C. Grau Díaz (en adelante "el querellado") fue designado abogado de oficio del imputado Juan R. Lozada Díaz. La vista preliminar quedó señalada para el 13 de octubre de 1999. La misma se celebró en ausencia del querellado. Por tal razón, el tribunal de instancia lo citó para que compareciera el                         21                         de

octubre de 1999 y mostrara causa por la cual no debía ser encontrado incurso en desacato. Sin embargo, este señalamiento no pudo llevarse a cabo debido al paso del huracán José. La vista quedó reseñalada para el 2 de noviembre de 1999. En esta ocasión, el querellado no se presentó. Tampoco compareció a la vista del 15 de noviembre de 1999. Se citó nuevamente para que compareciera el 7 de diciembre de 1999 a mostrar causa por la cual no debía ser hallado incurso en desacato. No obstante, el querellado no se presentó.

Se ordenó su arresto por desacato criminal y se citó a una vista para el 21 de diciembre de 1999, a la cual tampoco compareció. Cabe indicar que, para esa fecha, aún estaba pendiente el diligenciamiento de la orden de arresto. En vista de lo anterior, y en aras de proteger los derechos del imputado, el tribunal de instancia relevó al querellado de su representación legal y le designó otro abogado de oficio. Además, por instrucciones de la Hon. Sonia Santana Sepúlveda, Juez del Tribunal de Primera Instancia, Subsección de Distrito de Humacao, se nos remitió copia del acta de 21 de diciembre de 1999, mediante la cual le imputó al querellado no haber atendido diligentemente la designación de oficio.

Así las cosas, mediante resolución de 6 de marzo de 2000, referimos el asunto al Procurador General para que efectuara la investigación y el informe correspondiente, el cual presentó el 10 de abril de 2000. Indicó que la conducta del querellado pudo haber constituido violaciones a los Cánones de Ética Profesional; a saber, el Canon 9 [conducta del abogado ante los tribunales], 12 [puntualidad y tramitación de las causas], 18 [competencia del abogado y consejo al cliente] y 38 [preservación del honor y dignidad de la profesión], 4 L.P.R.A. Ap. IX. Nos recomendó que le concediéramos término al querellado para que se expresara en torno a los hechos narrados en el acta de 21 de diciembre de 1999, y que evaluáramos su conducta a la luz de los cánones señalados.

El 12 de abril de 2000, el Procurador General presentó moción informándonos que, luego de haber presentado su informe, se trajo a su atención un escrito del querellado, fechado el 28 de marzo de 2000 pero sometido el 7 de abril de 2000; y que en dicho escrito el querellado atribuyó sus múltiples incomparecencias a alegadas deficiencias en la notificación y diligenciamiento de los requerimientos del tribunal de instancia. Sin embargo, nos comentó el Procurador General, que el querellado no expresó qué gestiones realizó, si alguna, para conocer el estado de los procedimientos del caso que le fue asignado de oficio.

Mediante resolución de 19 de abril de 2000, le concedimos término al querellado para que expusiera su posición sobre el informe y la moción del Procurador General. Ante su incomparecencia, le concedimos un término final de diez

(10) días para dar cumplimiento a nuestro requerimiento, so pena de la imposición de sanciones disciplinarias severas.

El 3 de agosto de 2000, el querellado compareció mediante *Moción en Cumplimiento de Orden*. Entre otras cosas, indicó que lamenta lo sucedido y exhorta a los tribunales a ser más cuidadosos al notificar a los abogados de los señalamientos. Sobre lo expresado por el Procurador General en cuanto a las gestiones realizadas por el querellado para conocer la situación del caso asignado, éste indicó que no se realizaron las mismas "ya que no se tuvo la suerte, fortuna o privilegio de haber sido advertido del estado de los procedimientos en el caso, ni por notificaciones del Tribunal, cartas del imputado, llamadas telefónicas de la Secretaría, Oficina de las Juezas, del imputado o sus familiares. Hubo una total falta de comunicación entre el Tribunal, el acusado y/o sus familiares y el compareciente". *Moción en Cumplimiento de Orden* de 3 de agosto de 2000, p. 1.

Así las cosas, le concedimos término al Procurador General para que se exprese sobre dicha moción del querellado, lo cual hizo mediante *Escrito en Cumplimiento de Orden* presentado el 16 de noviembre de 2000. Se reiteró en cuanto a lo señalado en el informe de 10 de abril de 2000. Indicó que el querellado no realizó ninguna gestión conducente a conocer el estado de los procedimientos de la causa criminal contra su cliente. Por último, señaló que el comportamiento del querellado violentó los Cánones 18 [competencia del abogado y consejo al cliente] y 19 [información al cliente] de Ética Profesional, *supra*.

Mediante resolución de 8 de diciembre de 2000, nos dimos por enterado del escrito presentado por el Procurador General y le concedimos término al querellado para que muestre causa por la cual no debemos resolver este asunto sin ulterior trámite. Ante su incumplimiento, el 16 de febrero de 2001 dimos por sometido el asunto.

II

El Canon 9 de Etica Profesional, *supra*, le impone a los miembros de la profesión legal el deber de observar para con los tribunales una conducta que se caracterice por el mayor respeto. Reiteradamente hemos señalado que, "la desatención a las órdenes emitidas por los tribunales de justicia constituye un grave insulto a la autoridad de éstos en directa violación al deber de conducta exigido por el referido Canon IX." *In re Quevedo Cordero*, res. el 21 de enero de 1999, 99 T.S.P.R. 4, 99 J.T.S. 14, p. 571.

Por su parte, el Canon 12 le impone a los abogados la obligación de ser puntuales en su asistencia y concisos y exactos en la tramitación de las causas. En lo pertinente dispone:

> "[e]s deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución."

Sobre el particular, en *In re Ayala Torres*, res. el 14 de febrero de 2000, 2000 T.S.P.R. 44, 2000 J.T.S. 51, expresamos que es norma reiterada el que los abogados han de ser puntuales y diligentes en la tramitación de las causas y que tal deber se extiende a todo el trámite judicial. Véase, además, *In re Rivera Fuster*, res. el 14 de junio de 1999, 99 T.S.P.R. 92, 99 J.T.S. 103.

En cuanto al deber de los abogados de defender diligentemente los intereses de sus clientes, el Canon 18 establece:

> "[e]s deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.
>
> Este deber de desempeñarse en forma capaz y diligente no significa que el abogado puede realizar cualquier acto que sea conveniente con el propósito de salir triunfante en las causas del cliente....No obstante, un abogado puede asumir cualquier representación profesional si se prepara adecuadamente para ello y no impone gastos ni demoras irrazonables a su cliente y a la administración de la justicia."

En *In re Pizarro Colón*, res. el 25 de mayo de 2000, 2000 T.S.P.R. 106, 2000 J.T.S. 128, p. 1582, este Tribunal señaló que los abogados tienen "el deber de defender los intereses de sus clientes diligentemente, desplegando su máximo conocimiento en la forma generalmente aceptada por los miembros de la clase togada, como adecuada y responsable....La indiferencia, desidia, despreocupación, inacción y displicencia en la tramitación de un caso, viola el Canon 18, *In re: Arana Arana, supra*, y produce la imposición de sanciones

disciplinarias, *In re: Torres Olmeda, supra*; *In re: Rivera Arvelo*, 132 D.P.R. 840 (1993)."

El Canon 19, en lo pertinente al deber de los abogados de informar a sus clientes de lo acontecido en su caso, establece:

> "[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado." Véase, *In re Semidey Morales*, res. el 3 de julio de 2000, 2000 T.S.P.R. 128, 2000 J.T.S. 130; *In re Ayala Torres*, res. el 14 de febrero de 2000, 2000 T.S.P.R. 44, 2000 J.T.S. 51.

Sobre el deber de los miembros de la clase togada de preservar el honor y la dignidad de la profesión, el Canon 38 dispone:

> "[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. En su conducta como funcionario del tribunal, deberá interesarse en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia."

Procedemos a aplicar los preceptos enunciados al caso de marras.

III

Evidentemente, el querellado violentó el Canon 9 al desatender las órdenes y dictámenes emitidos por el tribunal de instancia durante el proceso criminal contra su cliente. Aún más, hizo caso omiso a nuestra resolución de 8 de diciembre de 2000, concediéndole término para que muestre causa por la cual no debiéramos resolver este asunto sin ulterior trámite.

Innumerables veces hemos expresado el deber de los abogados de responder diligentemente a los requerimientos de este Tribunal, particularmente cuando está siendo objeto de una acción disciplinaria, e independientemente de los méritos de la misma. *In re Ron Menéndez*, res. el 24 de agosto de 1999, 99 T.S.P.R. 133, 99 J.T.S. 139; *In re Vargas Soto*, res. el 30 de junio de 1998, 98 T.S.P.R. 105, 98 J.T.S. 114. Tal conducta acarrea la imposición de medidas

disciplinarias severas las cuales pueden culminar en suspensión. *In re Quevedo Cordero*, supra.

La incomparecencia del querellado a los señalamientos de vista ante el tribunal de instancia; su incumplimiento con las órdenes emitidas por dicho foro y por este Tribunal; y su falta de diligencia en la tramitación del caso, constituyen un patrón de conducta irresponsable y demuestran su falta de diligencia y cuidado en su desempeño profesional, en violación a los Cánones 12 y 18 de Ética Profesional, *supra*. Véase, *In re Ayala Torres*, supra.

El querellado actuó en contravención con el Canon 19 al no mantener informado a su cliente –quien estaba sumariado– de todo asunto importante que sucediera en el caso. De hecho, mediante *Moción en Cumplimiento de Orden* presentada el 3 de agosto de 2000, el querellado aceptó que nunca hubo comunicación entre ellos.

Por último, concluimos que el querellado también incurrió en violación al Canon 38. El querellado fue relevado de la designación como abogado de oficio del caso criminal contra su cliente. Ello, debido a su falta de diligencia en el manejo del mismo. Tal conducta denigra el honor y la dignidad de la clase togada, máxime cuando se trata de un incumplimiento con el deber ético y moral de brindarle representación legal gratuita a personas indigentes.

Las designaciones de oficio, más allá de servir un propósito social, responden a un interés público. Los abogados tienen el deber de prestar servicios legales de calidad, independientemente de la retribución que puedan obtener a cambio de su trabajo.

Por las razones que anteceden, suspendemos inmediatamente al Lic. Juan C. Grau Díaz del ejercicio de la abogacía durante el término de tres (3) meses, a partir de la notificación de esta Opinión. Le imponemos el deber de notificar a todos sus clientes de su presente inhabilidad de continuar representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y

administrativos del país. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

Se dictará sentencia de conformidad.

administrativos del país. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Juan C. Grau Díaz                    AB-2000-3      Queja

SENTENCIA

San Juan, Puerto Rico, a 1 de mayo de 2001.

A tenor con la Opinión Per Curiam que antecede y que se hace formar parte de esta sentencia, ordenamos la suspensión inmediata del Lic. Juan C. Grau Díaz del ejercicio de la abogacía por el término de tres (3) meses. Le imponemos el deber de notificar a todos sus clientes de su presente inhabilidad de continuar representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

Se ordena al Alguacil General de este Tribunal que proceda a incautarse de la obra notarial y del sello notarial del abogado suspendido, debiendo entregarlos a la Directora de la Oficina de Inspección de Notarías para el trámite correspondiente.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez limitaría la sanción a

una censura enérgica. La Juez Asociada señora Naveira de Rodón no intervino.


                                        Isabel Llompart Zeno
                                          Secretaria del Tribunal Supremo