per curiam:
Nuevamente nos encontramos en la necesi-dad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su reiterado incumpli-miento con los requerimientos de este Tribunal. Este caso ilustra diáfanamente cómo, a pesar de todas las oportuni-dades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una falta que muy bien pudo haberse evitado.
I
La Leda. Diana M. Santiago García fue admitida al ejer-cicio de la abogacía el 30 de enero de 2001 y prestó jura-mento como notaria el 15 de junio de 2001.
El pasado 21 de agosto de 2006, la Sra. Sara Galarza Santiago presentó la Queja Núm. AB-2006-235 contra la licenciada Santiago García por alegadas irregularidades en sus ejecutorias como notaria. El 21 de septiembre de ese mismo año, la Secretaria del Tribunal Supremo, Leda. Aida Ileana Oquendo Graulau, cursó una comunicación a la li-cenciada Santiago García en la que le notificó de la queja presentada en su contra y le solicitó que presentara su contestación. Dicha notificación no fue contestada. El 24 de octubre se le concedió un término adicional de diez días a la licenciada Santiago García para que contestara la queja.
Toda vez que ninguna de las comunicaciones antes men-cionadas fue contestada, el 23 de febrero de 2007 emitimos una Resolución en la que concedimos un término adicional de diez días a la licenciada Santiago García para que com-pareciera y presentara su contestación. Sin embargo, no fue hasta después de que emitimos la Resolución de 14 de septiembre de 2007 mediante la que le concedimos un tér-mino final e improrrogable, que ésta finalmente contestó la queja en su contra.
*992 Así las cosas, el 26 de febrero de 2008 referimos el asunto a la Oficina de Inspección de Notarías (ODIN) para que investigara la queja presentada y nos rindiera el in-forme correspondiente. Conforme a esto, el 23 de mayo de 2008 ODIN envió vía correo regular —a la dirección pro-vista por la licenciada Santiago García en su contesta-ción— una comunicación en la cual le solicitaba cierta do-cumentación relacionada con la investigación en curso. Dado que la licenciada Santiago García no presentó la do-cumentación requerida, ODIN envió una segunda notifica-ción en septiembre de ese mismo año.
El pasado 11 de diciembre de 2008 compareció ante nos la Directora de ODIN, Leda. Lourdes Quintana Lloréns, y nos informó que la licenciada Santiago García no ha pre-sentado la documentación requerida a pesar de que las co-municaciones enviadas no fueron devueltas. Además, nos informa que le ha resultado imposible comunicarse con la licenciada Santiago García vía telefónica, ya que su nú-mero de teléfono aparenta estar fuera de servicio.
A solicitud de la Directora de ODIN, el pasado 29 de diciembre de 2008 emitimos una Resolución para conce-derle a la licenciada Santiago García un término de quince días para que compareciera ante ODIN y proveyera los do-cumentos solicitados. Dicha resolución fue notificada per-sonalmente y en la misma apercibimos a la licenciada Santiago García que su incumplimiento podría conllevar sanciones disciplinarias severas, incluso su suspensión del ejercicio de la profesión. Aún hoy la licenciada Santiago García no ha atendido nuestros requerimientos.
II
En reiteradas ocasiones hemos enfatizado que todo abogado tiene la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, particularmente cuando se trata de procedimientos sobre su *993 conducta profesional. Más aún, hemos señalado que pro-cede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de san-ciones disciplinarias. In re Lloréns Sar, 170 D.P.R. 198 (2007). Debe quedar claro que dicha conducta constituye una violación al Canon 9 del Código de Etica Profesional, 4 L.P.R.A. Ap. IX, relacionado con la exigencia de respeto hacia los tribunales y que, por lo tanto, configura una falta independiente a los méritos de la queja presentada. In re Colón Rivera, 170 D.P.R. 440 (2007).
Por otra parte, la obligación de atender los requerimientos relacionados a un procedimiento disciplinario en contra de un abogado no se limita a aquellos formulados por este Tribunal. Esta se extiende también a los requerimientos formulados por el Procurador General, la Comisión de Ética del Colegio de Abogados y la Oficina de Inspección de Notarías. Véanse: In re Otero Encarnación, 175 D.P.R. 767 (2009); In re Grau Díaz, 154 D.P.R. 70 (2001); In re Arroyo Rivera, 148 D.P.R. 354 (1999).
III
En el caso de autos, la licenciada Santiago García ha incumplido reiteradamente con los requerimientos tanto de este Tribunal como de ODIN durante todo el procedi-miento disciplinario iniciado tras la presentación de la queja en su contra. Luego de que se presentara la referida queja, fue necesario que emitiéramos varias resoluciones antes de que la licenciada Santiago García presentara su contestación. Posteriormente, no atendió varios requeri-mientos de ODIN para que presentara cierta documenta-ción necesaria para que esa oficina culminara su informe.
Han transcurrido varios meses desde que emitimos nuestra Resolución de diciembre de 2008, en la cual le con-cedimos un término de quince días a la licenciada Santiago *994 García para que presentara la documentación requerida por ODIN, sin que nuestro requerimiento haya sido atendido. Ello, de por sí, denota una falta de diligencia y un alto grado de indiferencia ante nuestros apercibimien-tos de sanciones disciplinarias. Además, su conducta repre-senta una falta de respeto hacia los tribunales.
De acuerdo con lo anterior, se suspende inmediata e in-definidamente del ejercicio de la abogacía y la notaría a la licenciada Santiago García. Se le impone el deber de noti-ficar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios re-cibidos por trabajos no realizados e informar oportuna-mente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días a partir de la noti-ficación de esta opinión per curiam.
Por último, el Alguacil de este Tribunal debe incautar la obra y el sello notarial de la licenciada Santiago García y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.