
Versión para imprimir

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Arturo L. Dávila Toro | 2010 TSPR 195 <br><br> 179 DPR \_\_\_\_ |

Número del Caso: CP-2008-16

Fecha: 30 de agosto de 2010

Oficina del Procurador General:

>Lcda. Noemí Rivera de León
>Procuradora General Auxiliar

>Lcda. Minnie H. Rodríguez López
>Procuradora General Auxiliar

Abogado de la Parte Peticionaria:

>Lcdo. Miguel A. Pérez Vargas

Materia: Conducta Profesional

(La suspensión será efectiva el 2 de septiembre de 2010, Fecha en que se le notificó al abogado de su suspensión inmediata e indefinida)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Arturo L. Dávila Toro

CP-2008-16

PER CURIAM

San Juan, Puerto Rico, a 30 de agosto de 2010

El licenciado Arturo Dávila Toro fue admitido al ejercicio de la profesión legal el 13 de agosto de 1986. La presente controversia se relaciona con su desempeño profesional durante el trámite apelativo en el caso *Pueblo v. David Santiago Ortiz*, KLAN-2005-1159. Pasemos a repasar los hechos de este caso.

I

El señor David Santiago Ortiz presentó ante este Tribunal una queja en contra del licenciado Dávila Toro en la que alegó que éste le había representado en un caso penal en el cual fue hallado culpable y

que le encomendó que apelara la sentencia dictada, lo que el querellado hizo pero transcurrido ya el término para apelar por lo que el tribunal desestimó el recurso por carecer de jurisdicción. Recibida la queja, la referimos al Procurador General para su evaluación e informe.

El 26 de abril de 2007 el Procurador General nos rindió su informe. En éste nos indicó que esa Oficina había recibido previamente del Tribunal de Apelaciones un referido, precisamente, sobre el trámite apelativo en el caso del señor Santiago Ortiz y había procedido a consolidar ambos asuntos. El informe indicaba que el licenciado Dávila Toro había representado de oficio al señor Santiago Ortiz en un proceso penal en el que éste fue hallado culpable y en el que se pronunció sentencia el 18 de agosto de 2005. El licenciado Dávila asumió la representación profesional del querellante en la etapa de vista preliminar. El 26 de septiembre de 2005 el licenciado Dávila presentó el escrito de apelación en ese caso ante el Tribunal de Apelaciones.

Presentado el recurso apelativo se suscitaron varios incidentes relacionados con la reproducción de la prueba oral. El 10 de octubre de 2005 el foro apelativo intermedio emitió una Resolución en la que le solicitó al apelante que acreditara el método de reproducción de la prueba oral. El licenciado Dávila no presentó moción alguna en respuesta a la orden del tribunal. Posteriormente, el 10 de noviembre de 2005, el tribunal apelativo emitió una nueva Resolución ordenando que se

cumpliese con la orden dictada el 10 de octubre y advirtiéndole a la parte apelante que el incumplimiento con lo ordenado podría conllevar severas sanciones disciplinarias. Nuevamente el licenciado Dávila hizo caso omiso a lo ordenado. Ante su reiterado incumplimiento, el 21 de diciembre de 2005 el Tribunal de Apelaciones le impuso una sanción económica de $500 y le concedió un nuevo término para informar sobre la prueba oral y el método para su reproducción. El licenciado Dávila ignoró al tribunal y nada dijo sobre la reproducción de la prueba oral como tampoco pagó la sanción impuesta.

Así las cosas, el 21 de febrero de 2006 el foro apelativo desestimó la apelación presentada porque ésta se presentó transcurrido el término jurisdiccional para ello. La Resolución desestimando la apelación le fue notificada al confinado a través del Secretario del Departamento de Corrección y Rehabilitación.

El Procurador General nos indicó en su informe además, que el querellado respondió a la queja presentada mediante una extensa carta en la que relataba su trayectoria profesional resaltando su extenso trabajo en casos penales como abogado de oficio. El querellado indicó que el efecto acumulativo de esta representación de oficio fue en extremo perjudicial para él no tan sólo económicamente, pues no recibía remuneración regularmente, sino también físicamente pues le provocó un agotamiento extremo.

En cuanto al asunto relacionado con el señor Santiago Ortiz admitió que la apelación se presentó tardíamente. No

obstante, aclaró que siempre le dijo a su cliente que era fútil apelar su sentencia, específicamente porque éste, el acusado, había admitido voluntariamente los hechos del caso. Esta admisión, informa el querellado, se hizo mientras el acusado estaba acompañado por un abogado. Señaló también que debido a que no se logró un acuerdo con fiscalía el quejoso procedió a someterse a un juicio. Indicó que él luchó por su cliente pero que fue encontrado culpable y condenado a 99 años de prisión.

El licenciado Dávila Toro indicó, que una vez recayó sentencia, el quejoso insistió en que se apelara su caso y le insinuó que si no lo hacía le presentaría una queja ética. En su escrito ante el Procurador General el querellado criticó el sistema de asignación de casos de oficio. Indicó que éste no disponía de parámetros claros respecto hasta dónde debían llegar los servicios que se prestan a los clientes de oficio, por lo que, aduce, ante esa falta de claridad y la intimidación del quejoso, "a última hora" decidió presentar la apelación. Señaló que no ha sido su intención desobedecer las órdenes del tribunal.

Evaluados los hechos antes relatados, el Procurador General concluyó que las actuaciones del licenciado Dávila Toro configuraron violaciones a los Cánones 9 y 18 del Código de Ética Profesional. 4 LPRA Ap. IX. Recibido el informe, le ordenamos que presentara la correspondiente querella, lo que hizo el 25 de agosto de 2008. El 1ero de diciembre de 2008 se diligenció la querella presentada y se le concedió un término al querellado para que la

contestara.  El 28 de enero de 2009 le concedimos un nuevo término para que replicara a la querella.  El licenciado Dávila Toro no contestó la querella.

Posteriormente, designamos a la licenciada Eliadís Orsini Zayas como Comisionada Especial para que recibiera la prueba y nos rindiera un informe con sus determinaciones de hechos y las recomendaciones que estimase pertinente. Eventualmente la Comisionada dio por contestada la querella a base de la contestación que el licenciado Dávila Toro ofreció a la Oficina del Procurador General.  Luego de varios incidentes procesales incluyendo vistas ante la Comisionada Especial, el asunto quedó sometido por el expediente del caso.

El 25 de septiembre de 2009 el querellado presentó un memorando de atenuantes ante la Comisionada Especial ya que él había aceptado los hechos imputados en la querella.  El escrito presentado sigue los mismos parámetros que su contestación ante la Oficina del Procurador General.  Nos relata su práctica extensa en casos de oficio y los problemas económicos, como personales, que ello le ha supuesto.  Resaltó nuevamente que le había recomendado a su cliente no presentar una apelación y que finalmente lo hizo al sentirse intimidado por las amenazas de éste.  Admitió haber incurrido en las faltas que se le imputaban en la querella, reconociendo que "ha violado un derecho al acusado a estar adecuadamente representado en la etapa apelativa."  Informó además que durante el proceso apelativo se encontraba padeciendo serios problemas

personales y económicos que "le provocaron un serio desgaste físico y mental con las consecuencias que tenemos ante nos."

La Comisionada rindió su informe el 9 de noviembre de 2009. En éste concluyó, al igual que el Procurador General, que las acciones del querellado configuraron violaciones éticas a los Cánones 9 y 18 de Ética Profesional. Nos recomendó, como sanción, la suspensión del ejercicio de la abogacía del querellado por el término de veinte y cuatro meses.

Específicamente indicó, que si bien es cierto que el querellado había aceptado los hechos, éste "no había sido del todo sincero ni veraz en dicha aceptación, [pues] ha tergiversa[]do los trámites de apelación, ha omitido exponer con veracidad información relevante a los asuntos materiales considerados en estos procedimientos de conducta profesional; todo con el objetivo evidente de fundamentar unos alegados atenuantes relacionados con la falta de méritos de la apelación que le fue encargada por su cliente; y en el hecho de su gran cúmulo de caos de oficio." Prosigue la Comisionada Especial indicando que "[l]a conducta posterior del querellado no refleja actos para subsanar en algo su comportamiento, ya que ni siquiera a la fecha de estos procedimientos ante este Tribunal ha pagado las sanciones económicas, a pesar de que varias veces esta Comisionada le preguntó si las había satisfecho y si alguna razón válida tenía para no satisfacerlas, a lo cual solo informaba que no las había pagado." Nos informa

que el querellado no ha excusado su proceder con su cliente. "Por el contrario, el abogado desprecia la solicitud de su cliente de apelar la sentencia con el fundamento de que como había resultado convicto con una prueba *FUERTE, la apelación requerida por su cliente era un ejercicio fútil*." (Énfasis en original.)

El querellado presentó su oposición al informe de la Comisionada. En su escrito cuestionó la objetividad de la Comisionada imputándole prejuicio y parcialidad, pues considera que ésta "insiste en desacreditar el carácter del querellado con imputaciones de deshonestidad y mendacidad que no forman parte de la prueba ni son parte de los cargos radicados en la querella." A modo de ejemplo, impugnó la conclusión de la Comisionada de que el querellado presentó tardíamente su recurso de apelación "con pleno conocimiento de que se presentaba tardíamente."

Cuestionó además la procedencia de la sanción que le impuso el Tribunal de Apelaciones. Argumentó que como este foro se declaró sin jurisdicción no podía tomar determinación alguna en el caso por carecer de jurisdicción. Por lo que considera que la sanción impuesta era nula y no se le podía exigir al licenciado Dávila que la pagase. Específicamente se señala: "habiéndose impuesto esta sanción por el Tribunal Apelativo en un caso donde no tenía jurisdicción y donde cualquier acción o dictamen es nulo, no entendemos como (sic) se le puede exigir vehementemente a un abogado, como la (sic) hace la

honorable Comisionada en su informe, el pago de dichas sanciones como un medio de subsanar sus incumplimientos."

El querellado objetó además la sanción recomendada por la Comisionada por estimarla "en un castigo excesivo y desproporcionado." Asevera que "[l]os hechos imputados y aceptados por el Lcdo. Dávila no se acercan al 'clásico ejemplo de desidia, despreocupación, crasa negligencia e irresponsabilidad profesional' que han dado pie a sanciones severas en otros casos disciplinarios." Invoca como ejemplo nuestro dictamen en *In re Collazo Maldonado, Rivera Cabrera*, 159 DPR 141 (2003).

Finalmente, enumeró lo que considera son atenuantes que debemos considerar al ponderar la sanción a imponer. Entre éstos destacan: que lleva 23 años en la profesión y no ha sido objeto de sanciones previamente, que mantiene una práctica privada atendiendo mayormente casos criminales y que representa de oficio a una cantidad considerable de acusados, que goza de buena reputación entre la comunidad y que la querella presentada no cuestiona los servicios legales que se le brindaron al querellante ante el foro primario.

El asunto quedó sometido así ante nuestra consideración.

## II

El Canon 9 de los Cánones de Ética Profesional le impone a los miembros de la profesión legal el deber de observar para con los tribunales una conducta que se caracterice por el mayor respeto. *In re Grau Díaz*, 154

D.P.R. 70, 75 (2001). La naturaleza de la función del abogado requiere de éste una escrupulosa atención y obediencia a las órdenes que emiten los tribunales. Desatender las órdenes dictadas constituye una grave ofensa a la autoridad del tribunal en clara violación al mandato expreso del Canon 9. *In re González Carrasquillo*, 164 D.P.R. 813 (2005); *In re Grau Díaz, supra*; *In re Maldonado Rivera*, 147 D.P.R. 380 (1999); *In re Otero Fernández*, 145 D.P.R. 582 (1998).

"No podemos perder de vista que la abogacía cumple una función social de notable importancia por su aportación imprescindible a la realización de la Justicia. El abogado, además de defensor de su cliente es colaborador de la Justicia." *In re Hoffman Mouriño*, res. 7 de mayo de 2008, 176 D.P.R. ____, 2007 TSPR 114. La responsabilidad sobre la buena marcha del proceso judicial es una compartida entre todos los estamentos que intervienen en estos procesos, por lo que es compromiso ineludible de todo abogado. *In re Hoffman Mouriño, ante.*

Por otro lado, el Canon 18 recoge el deber de diligencia de todo abogado en la atención de los asuntos de sus clientes. Este deber le impone al abogado la obligación de desempeñarse de forma capaz y diligente al defender los intereses de su cliente, desplegando en cada caso su mejor conocimiento, actuando en aquella forma que la profesión jurídica en general estime adecuada y responsable. *In re Castro Colón,* res. 22 octubre de 2009, 178 DPR ___, 2010 TSPR 23. El abogado incumple con este

deber cuando asume una representación legal consciente de que no puede rendir una labor idónea y competente o que no puede prepararse adecuadamente para el caso sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.  *In re Meléndez Figueroa*, 166 D.P.R. 199 (2005); *In re Collazo Maldonado,* 159 D.P.R. 141 (2003).

Es responsabilidad de los profesionales del derecho actuar con diligencia en la representación de su cliente, por lo que aceptar un encargo de éste presupone el compromiso de prestarle entera atención a sus asuntos. Esta "dedicación no puede estar subordinada al cobro de los honorarios o a cualquier otra circunstancia personal como, por ejemplo, una excesiva acumulación de trabajo."  A. Aparisis Millares, *Ética y Deontología para Juristas*, Ediciones Universidad de Navarra, Pamplona, 2006, pág. 302.

Reiteradamente hemos establecido que todo miembro de la profesión legal tiene el ineludible deber de defender los intereses de su cliente con el compromiso de emplear la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez. *In re Hoffman Mouriño, ante; In re Meléndez Figueroa*, ante; *In re Martínez Miranda*, 160 D.P.R. ____ (2003).  En *In re Hoffman Mouriño, ante,* aseveramos categóricamente que todo abogado debe llevar a cabo "[s]u gestión profesional … aplicando … sus conocimientos y habilidades y su desempeño profesional [de forma] adecuad[a], responsable, capaz y [eficaz]".  *In re Collazo Maldonado, ante;  In re Alonso Santiago*, 165 D.P.R. 555;

*In re Grau Díaz*, 154 D.P.R. 71 (2001). En el pasado hemos dispuesto que aquella actuación negligente que pueda conllevar o en efecto conlleve, la desestimación o archivo de un caso se configura, de suyo, en violación del Canon 18. *E.g., In re Guadalupe Díaz*, 155 D.P.R. 135, 154-155 (2001).

En *In re Hoffman Mouriño, ante,* aseveramos lo siguiente: "Los abogados, como oficiales del tribunal, tienen una función revestida de gran interés público que genera obligaciones y responsabilidades duales para con sus clientes y con el tribunal en la administración de la justicia. … Ello les impone el deber de asegurarse que sus actuaciones dentro de cualquier caso en que intervengan estén encaminadas a lograr que las controversias sean resueltas de una manera justa, rápida y económica." Es por ello que el deber de diligencia profesional del abogado es del todo incompatible con la desidia, despreocupación y displicencia. *In re Padilla Pérez*, 135 D.P.R. 770, 776 (1994).

Enfatizamos que el deber de diligencia constituye una obligación **básica y elemental del abogado respecto de su cliente**. Es éste un deber ético destinado a preservar no sólo la lealtad al interés defendido, sino también al "crédito social que demanda la alta función que desempeña y que, como bien jurídico supremo, sustenta en última instancia la suma deontológica de la profesión." R. Del Rosal, *Normas Deontológicas de la Abogacía Española*, Civitas, Madrid, 2002, pág.183. **Esta obligación ética no**

**sufre modificación "cuando la defensa se ejerce de oficio, … pues resulta exigible exactamente la misma diligencia que si la defensa le hubiera sido encomendada por su cliente de forma particular."** (Énfasis nuestro.) *Ibid.*

Apliquemos entonces la normativa antes reseñada a los hechos que dieron base a la querella presentada.

### III

En el caso de autos el licenciado Dávila Toro incumplió reiteradamente las órdenes del tribunal apelativo intermedio en el proceso de apelación en *Pueblo v. David Santiago Ortiz*, KLAN-2005-1159 y además incumplió con el pago de la sanción impuesta por ese incumplimiento. Al día de hoy, el querellado no ha pagado dicha sanción y arguye ahora que no procede su pago porque el tribunal apelativo se declaró sin jurisdicción para atender el recurso presentado, por lo que su determinación en cuanto a la sanción es nula. Por otro lado, aunque aceptó su incumplimiento con las órdenes del tribunal no ha aducido razón válida para explicar su incumplimiento.

El foro apelativo emitió varias órdenes (Resoluciones del 10 de octubre de 2005 y 10 de noviembre de 2005) durante el proceso apelativo del recurso instado encaminadas a procurar el perfeccionamiento de la apelación presentada acreditando el método de reproducción de la prueba oral, conforme lo exigido por la Regla 29(b) del Reglamento del Tribunal de Apelaciones. El licenciado Dávila Toro hizo caso omiso de lo ordenado. El 21 de

diciembre de 2005, ante el reiterado incumplimiento con las resoluciones anteriores, el foro apelativo le impuso una multa de $500 y le ordenó pagarla en un término de 3 días. Además, le concedió un término adicional para acreditar el método de reproducción de la prueba oral. El licenciado Dávila, nuevamente, ignoró las órdenes del Tribunal de Apelaciones.

El 21 de febrero de 2006 el foro apelativo emitió dos Resoluciones en el recurso de apelación que pendía ante sí. En una de ellas, refirió la conducta del licenciado Dávila a la Oficina del Procurador General para su consideración. En la otra, indicó que luego de una evaluación del recurso presentado surgía con claridad que éste había sido presentado fuera del término jurisdiccional provisto para ello por lo cual lo desestimó.

El licenciado Dávila Toro optó por ignorar las órdenes del tribunal y no adujo razón o justificación alguna que pudiera explicar su desatención a éstas. Tener mucho trabajo o litigar muchos casos de oficio no son razones válidas que justifiquen su reiterado incumplimiento.

Por otro lado, en lo que respecta al impago de la sanción impuesta, éste no puede escudarse con el argumento de que el foro apelativo se declaró sin jurisdicción en el caso instado por lo que era improcedente la sanción impuesta. Ya indicamos que todo abogado tiene una responsabilidad ética de atender los dictámenes de los tribunales ante los que postula, y su conducta se tiene que caracterizar por el mayor respeto y la diligencia en el

cumplimiento de lo ordenado. Si se considera que el foro ante el cual se está no tiene jurisdicción sobre un asunto o emite una orden erróneamente, lo que procede es, o solicitar reconsideración del dictamen que se cuestiona o acudir en alzada. Lo que no se puede hacer es lo que hizo el querellante, ignorar al tribunal.

Si el licenciado Dávila Toro entendía errónea la sanción económica impuesta debió haber presentado una moción de reconsideración fundamentada o haber acudido en alzada ante este Tribunal a impugnarla. Lo que no procedía era hacer caso omiso de las órdenes dictadas por el tribunal pues ello constituye un serio agravio a la autoridad de los tribunales. Los abogados no pueden decidir ellos qué órdenes acatar y cuáles no. El ordenamiento les provee distintos mecanismos para cuestionar aquellos dictámenes que consideren erróneos, si no se utilizan y se opta por ignorarlos, deberán entonces aceptar las consecuencias de sus acciones u omisiones.

Por todo lo anterior concluimos que, sin duda, el licenciado Dávila Toro incurrió en una violación al Canon 9 de Ética Profesional.

De otra parte, en *Pueblo v. Ortiz Couvertier*, 132 DPR 883, 889 (1993) expresamos que "la representación legal, en la etapa apelativa, es de particular importancia ya que esta etapa del procedimiento penal es la única --y posiblemente última-- oportunidad que tiene el acusado para demostrar que su convicción es una contraria a derecho." En *Ortiz Couvertier, ante*, indicamos también que el derecho

de todo acusado a tener una asistencia de abogado se entiende infringido "cuando el abogado de un acusado, no obstante haber sido *expresamente instruido* por éste para que apela de la sentencia que le ha sido impuesta, radica el escrito correspondiente fuera del término jurisdiccional que para ellos provee nuestro ordenamiento jurídico… ello *independiente* del hecho que el abogado sea uno de oficio o haya sido escogido libremente por el acusado." 132 D.P.R. pág. 892. (Énfasis en original)

No existiendo controversia alguna respecto al hecho de que la apelación presentada en este caso se presentó transcurrido ya el término jurisdiccional, es evidentemente que el licenciado Dávila Toro incurrió en violación al Canon 18 de Ética Profesional. Recalcamos que el estándar de conducta exigible a los abogados que atienden casos de oficio es idéntico a si se tratara de un abogado que ha sido escogido libremente por el acusado. Una vez el licenciado Dávila asumió la representación del querellante, éste tenía una obligación ética de preservar el derecho de apelación del acusado, independientemente de que éste entendiese que no iban a prevalecer en la apelación.

Como indicamos ya, no albergamos duda que la conducta del licenciado Dávila Toro no estuvo a la altura de áquella que esperamos de los miembros de la profesión legal puertorriqueña. Reconocemos que el licenciado Dávila Toro ha asumido la representación de oficio de muchos acusados, ese hecho, no obstante, no detracta de su desviación ética. Debemos tener muy presente que el caso que originó esta

controversia es uno de carácter penal donde lo que está en juego es la libertad de una persona. Ello, a nuestro juicio, requiere un grado mayor de responsabilidad, diligencia y rigurosidad en el manejo de los asuntos procesales.

Adviértase además que, al día de hoy, el licenciado Dávila no ha pagado la sanción que le fue impuesta por el Tribunal de Apelaciones.

En atención a lo cual, somos del criterio que la conducta del licenciado Dávila Toro amerita que éste sea suspendido inmediatamente del ejercicio de la profesión por un periodo de **tres (3) meses**; término que comenzará a contarse a partir de la notificación de la presente Opinión y Sentencia. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de **treinta (30) días**, contados a partir de la notificación de esta Opinión Per Curiam, el cumplimiento de estos deberes.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*


Arturo L. Dávila Toro

CP-2008-16


SENTENCIA

San Juan, Puerto Rico, a 30 de agosto de 2010

Por los fundamentos expresados en la Opinión Per Curiam que antecede, los cuales se incorpora íntegramente a la presente, ordenamos la separación inmediata del ejercicio de la abogacía del licenciado Arturo L. Dávila Toro, por el término de **tres (3) meses**, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Le imponemos al licenciado Dávila Toro el deber de notificar a todos sus clientes de su inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajo no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Además deberá certificarnos dentro del término de **treinta (30) días**, contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimento de estos deberes.


Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.



Aida Ileana Oquendo Gralau
Secretaria del Tribunal Supremo