

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re | 2011 TSPR 208 |
|---|---|
| Ángel E. Rosa Rosa | 183 DPR ____ |

Número del Caso: CP-2009-1

Fecha: 9 de diciembre de 2011

Abogado del Querellado:

      Por derecho propio

Oficina del Procurador General:

      Lcda. Zaira Z. Girón Anadón,
      Subprocuradora General

      Lcda. Minnie H. Rodríguez López
      Procuradora General Auxiliar

Materia: Conducta Profesional- Amonestación

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ángel E. Rosa Rosa          CP-2009-1          Conducta
                                               Profesional

PER CURIAM

En San Juan, Puerto Rico, a 9 de diciembre de 2011.

El Lcdo. Ángel E. Rosa Rosa fue admitido al ejercicio de la abogacía el 29 de septiembre de 1961. La presente controversia se relaciona con su desempeño profesional durante el trámite del caso <u>Francisco Rivera Padró y otros v. Ángel Morales Serrano y otros</u>, KCD-99-0668.

I

El Sr. Francisco Rivera Padró (quejoso) contrató al Lcdo. Ángel E. Rosa Rosa en el 1999 para que presentara, en representación suya, una demanda de cobro de dinero. Luego de un intrincado proceso, el 19 de septiembre de 2006 se celebró una vista en

la cual se sometió la prueba. Durante dicha vista, el Juez que presidió los procesos ordenó al licenciado Rosa Rosa que sometiera un proyecto de sentencia. Específicamente, la orden se produjo de la forma siguiente:

> Juez: ¿Qué tiempo necesita el compañero para presentar un proyecto de sentencia?

> Lcdo. Rosa: Eh …, su Señoría, eh …, denos treinta días, treinta días porque tenemos un viaje y se nos va a complicar la cosa.

> Juez: Treinta días. Buen día.[1]

La minuta de la referida vista expresó, entre otras cosas, que "[s]e someterá el proyecto", sin expresar el término específico. Sin embargo, el licenciado Rosa Rosa no presentó el mencionado proyecto de sentencia. Ante ello, el señor Rivera Padró presentó una queja contra el letrado el 6 de septiembre de 2007. El quejoso explicó que a pesar de sus múltiples requerimientos al respecto durante casi un año, el licenciado Rosa Rosa aún no había cumplido con la orden judicial de someter un proyecto de sentencia. Cónsono con lo anterior, el quejoso aseveró que por culpa de la referida omisión de su abogado, el tribunal todavía no había dictado sentencia en su caso.

Por su parte, el licenciado Rosa Rosa reaccionó a la queja mediante un escrito presentado el 6 de noviembre de 2007. El letrado arguyó que durante todo el proceso judicial actuó diligentemente y que "en unos días" prepararía el proyecto de sentencia. Ese mismo mes,

---

[1] Vale señalar que la comunicación transcrita surge de la grabación de la vista de 19 de septiembre de 2006 y que la Comisionada Especial pudo evaluar en su momento. El licenciado Rosa Rosa siempre planteó que el Tribunal de Primera Instancia no le notificó un término específico. Informe de la Comisionada Especial, pág. 4.

referimos el expediente de la queja a la Oficina del Procurador General (O.P.G.) para la investigación e informe correspondiente. Posteriormente, luego de examinar el informe que nos presentó la O.P.G., así como la comparecencia del licenciado Rosa Rosa en la que nos expresó que no era cierto que el Tribunal le hubiese dado un mes para que sometiera un proyecto de sentencia,[2] le ordenamos a la O.P.G. que presentara la querella que nos ocupa.

La querella se presentó el 15 de enero de 2009 e imputó dos cargos por violación al Canon 12 (falta de diligencia para evitar, como funcionario del tribunal, dilaciones innecesarias) y al Canon 18 (no realizar diligencias que beneficiarían a su cliente). El licenciado Rosa Rosa contestó la referida querella el 5 de marzo de 2009 y adujo que en todo momento fue diligente. Además, señaló que su omisión se debió a que la minuta de la vista expresaba únicamente "Se someterá el proyecto". Entendió que de esa expresión no surgía una orden clara y precisa de algún plazo específico para presentar el proyecto de sentencia. Al hacer referencia a la citada expresión del tribunal, el licenciado Rosa Rosa arguyó lo siguiente:

> Véase que en ningún lugar de la misma se nos Ordena, en forma clara y precisa que tenemos que someter el proyecto dentro de un plazo de tiempo específico y determinado; a decir por ejemplo 30, 60 ó 90 días, o unas semanas o tres semanas o un mes, o dos o tres meses. ¡Nada de eso![3]

---

[2] Reacción responsiva al Informe del Procurador General, pág. 1.

[3] Contestación a querella, pág. 2.

Ahora bien, el licenciado presentó el proyecto de sentencia en junio de 2009, esto es, casi 3 años después de la vista en la que se le ordenó hacerlo y casi 2 años después de presentada y notificada la queja. De igual forma, la presentación se da casi 2 años después de que el propio licenciado Rosa Rosa asegurara a este Tribunal que presentaría el proyecto "en unos días". Poco después de presentado el proyecto, el Tribunal de Primera Instancia dictó la sentencia.[4]

Así las cosas, designamos a la Lcda. Jeannete Ramos Buonomo como Comisionada Especial para que dirigiera el proceso de recibir prueba y rendir el informe con las determinaciones de hechos y las recomendaciones correspondientes. Durante dicho proceso, el licenciado Rosa Rosa informó mediante una moción que se proponía presentar como testigos a su favor, al quejoso y a la esposa de éste, la Sra. Carmen N. Torres González, por lo cual solicitó que fueran citados. Conforme a lo solicitado por el licenciado Rosa Rosa, se emitió una orden para citar al quejoso y a su esposa a la vista en su fondo.

Señalada la vista en su fondo para el 16 de agosto de 2010,[5] comparecieron, la Lcda. Minnie H. Rodríguez López, Procuradora General Auxiliar, en representación de la O.P.G., y el licenciado Rosa Rosa, por derecho propio. Ambos comparecientes acordaron someter el caso por el

---

[4] Dictada el 25 de agosto de 2009, enmendada *nunc pro tunc* el 16 de octubre de 2009.

[5] Originalmente la vista se había señalado para el 22 de junio de 2010, y luego para el 3 de agosto de 2010, pero ambas vistas fueron pospuestas a petición del licenciado y de la O.P.G., respectivamente.

expediente. El letrado solicitó que se tomara conocimiento judicial del expediente del caso ante el Tribunal de Primera Instancia. Además, argumentó las razones que según él justificaban no haber cumplido oportunamente con la orden del Tribunal de presentar un proyecto de sentencia. Entre esas razones se encuentran el que la minuta no haya establecido un término específico, que el Tribunal no dio una segunda orden y que el demandado en el caso no era solvente por lo que la sentencia sería imposible de ejecutar. Finalmente, el licenciado Rosa Rosa expresó que el quejoso solicitaría el archivo del proceso disciplinario.

A pesar de que el licenciado Rosa Rosa había expresado que el quejoso informaría su interés de solicitar el archivo de la queja presentada, el día de la vista éste informó que desistía de presentar los testimonios del quejoso y su esposa. Así, pues, la O.P.G., con la debida autorización, sentó a declarar al quejoso, quien expresamente reiteró y afirmó su interés en que continuara el trámite disciplinario.

Como parte del proceso, la Comisionada Especial evaluó la transcripción de la vista y constató que, contrario a lo aseverado por el licenciado Rosa Rosa, el tribunal sí le había concedido un término de 30 días para someter el proyecto de sentencia. Una vez culminó el proceso, la Comisionada Especial presentó un informe en el que concluyó que la actuación y omisión del licenciado Rosa Rosa infringió los Cánones 9, 12 y 18 del Código de Ética

Profesional. Ello, porque el licenciado Rosa Rosa desatendió el mandato expreso del tribunal, no evitó dilaciones innecesarias en la tramitación del caso y no defendió los intereses de su cliente con la debida diligencia.

En su informe, la Comisionada Especial expresó que más allá de la omisión que originó este proceso disciplinario, el desempeño del licenciado Rosa Rosa en los demás asuntos del caso de su representado fue uno enmarcado en la diligencia. Por ello, recomendó que consideremos lo anterior como un atenuante. Junto con eso, nos mencionó que tomáramos en cuenta que esta es su primera falta y que la dilación del Tribunal de Primera Instancia para dictar sentencia no puede atribuirse únicamente a su conducta. Posteriormente, el 16 de febrero de 2011 el quejoso y su esposa presentaron en este Tribunal un escrito en el que nos solicitaron el archivo de la querella por falta de interés en su continuación.[6]

Debidamente sometido el caso a nuestra consideración, procedemos a resolver.

---

[6] En la comunicación escrita se nos expone que el quejoso y su esposa llegaron a un acuerdo con el licenciado Rosa Rosa para transigir una demanda en cobro de dinero que el letrado había presentado contra ellos y en el que convinieron, además, retirar la "querella" presentada en este Tribunal. No obstante, vale señalar que en esta etapa del proceso disciplinario quien presenta la querella es el Procurador General, por lo tanto, el quejoso no puede solicitar el archivo de una querella sin éste ser el querellante. Además, es principio reiterado que, incluso en los casos en los que el quejoso retira la queja, los procedimientos disciplinarios ante este Tribunal pueden continuar porque son independientes de las acciones legales que se deriven de la misma relación de hechos. Véase, In re Ríos Ríos, 175 D.P.R. 57, 76 (2008). Así, pues, hemos expresado que nuestra jurisdicción no se limita al "hecho de que el abogado y su cliente transijan sus diferencias mediante un acuerdo en el cual el segundo se compromete a no presentar cargos éticos ante los foros pertinentes". Íd.

II

El Canon 9 del Código de Ética Profesional,[7] impone a los profesionales del Derecho la obligación de observar hacia los tribunales una conducta que se caracterice por el mayor respeto.[8] Este Canon se ha aplicado en múltiples contextos y situaciones.[9] Entre ellos, hemos reconocido que dicho principio ético incluye el deber de atender con diligencia y seriedad las órdenes de los tribunales.[10] Por consiguiente, la desatención de esas órdenes constituye un grave insulto a la autoridad de los tribunales de justicia en directa violación al deber de conducta exigido por el referido Canon 9.[11]

Por otro lado, el Canon 12 del Código de Ética Profesional, impone a los abogados el deber de ser diligentes y puntuales en la tramitación de las causas.[12] Específicamente este Canon dispone lo siguiente:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea

---

[7] 4 L.P.R.A. Ap. IX C. 9.

[8] *In re* González Carrasquillo, 164 D.P.R. 813, 828 (2005).

[9] Véase *In re* Gaetán y Mejías, 180 D.P.R. 846, 862-863 (2011).

[10] Íd.; *In re* Grau Díaz, 154 D.P.R. 70, 75 (2001).

[11] *In re* Dávila Toro, 179 D.P.R. 833, 840 (2010); *In re* González Carrasquillo, *supra*, págs. 828-829; *In re* Grau Díaz, *supra*.

[12] *In re* Rivera Ramos, 178 D.P.R. 651, 662 (2010); *In re* Vélez Lugo, 168 D.P.R. 492, 496 (2006).

indispensable para la protección de los derechos sustanciales de su cliente.[13]

De conformidad con el postulado antedicho, hemos enfatizado que los abogados deben la más estricta observancia a las órdenes judiciales, ya que de no hacerlo éstos pueden quedar sujetos al rigor disciplinario. [14] Desobedecer continuamente las órdenes del tribunal "demuestra una grave infracción a los principios básicos de ética profesional que exigen el mayor respeto hacia los tribunales".[15] Según el Canon 12, todo abogado debe fiel cumplimiento a la ley y respeto al poder judicial.[16] Así, pues, todo abogado tiene el deber de cumplir con la obligación que le impone el Canon 12 en todas las etapas de un litigio.[17]

Finalmente, el Canon 18 del Código de Ética Profesional [18] establece el deber de diligencia que todo abogado debe reflejar en la atención de los asuntos de sus clientes. En otras palabras, "[e]ste deber le impone al abogado la obligación de desempeñarse de forma capaz y diligente al defender los intereses de su cliente, desplegando en cada caso su mejor conocimiento, actuando en aquella forma que la profesión jurídica en general estime

---

[13] Canon 12 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C. 12.

[14] *In re* Rivera Ramos, *supra*, pág. 663.

[15] Íd.

[16] Íd.; *In re* Díaz Alonso, Jr., 115 D.P.R. 755, 762 (1984).

[17] Véase *In re* Nieves Nieves, 2011 T.S.P.R. 33, res. el 7 de marzo de 2011; *In re* Collazo I, 159 D.P.R. 141 (2003).

[18] 4 L.P.R.A. Ap. IX C. 18.

adecuada y responsable".[19] Por tal razón, hemos sostenido que todo abogado tiene el deber ineludible de defender los intereses de su cliente con la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez.[20]

Precisamente, en *In re* Dávila Toro, 179 D.P.R. 833, 842 (2010), citando a *In re* Hoffman Mouriño, 170 D.P.R. 968, 981 (2007), ratificamos lo siguiente:

> Los abogados, como oficiales del tribunal, tienen una función revestida de gran interés público que genera obligaciones y responsabilidades duales para con sus clientes y con el tribunal en la administración de la justicia. … Ello les impone el deber de asegurarse que sus actuaciones dentro de cualquier caso en que intervengan estén encaminadas a lograr que las controversias sean resueltas de una manera justa, rápida y económica.

El deber de diligencia es una obligación básica y elemental del abogado en la relación con su cliente, por ende, es incompatible con la desidia, la despreocupación y la displicencia.[21] Y es que "[c]uando se infringe el Canon 18, 'el perjuicio directo lo padece la propia parte negligente no logrando la concreción de lo pretendido'".[22] Por ende, la diligencia es parte esencial en la misión del abogado de realizar las gestiones que le fueron encomendadas por su cliente.

---

[19] *In re* Dávila Toro, *supra*, pág. 841. Véase Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

[20] Íd., págs. 841-842; *In re* Hoffman Mouriño, 170 D.P.R. 968, 980 (2007).

[21] *In re* Dávila Toro, *supra*, pág. 841. Véase *In re* Padilla Pérez, 135 D.P.R. 770, 776 (1994).

[22] *In re* Nieves Nieves, *supra*, citando a R.L. Vigo, Ética del abogado: Conducta procesal indebida, 2da ed., Buenos Aires, LexisNexis Abeledo-Perro, 2003, pág. 103.

III

De entrada, debemos señalar que no está en controversia que el Tribunal de Primera Instancia le ordenó al licenciado Rosa Rosa en septiembre de 2006, tanto en corte abierta como mediante una minuta, que presentara un proyecto de sentencia. De igual forma, tampoco está en controversia que, casi un año después, cuando se presentó la queja en su contra, el licenciado Rosa Rosa aún no había presentado el proyecto requerido. No es hasta junio de 2009, casi 3 años desde la orden judicial y casi 2 años desde que se presentó la queja en su contra, que el letrado presentó el proyecto.

Al evaluar los hechos antedichos, en conjunto con el examen cuidadoso del expediente, consideramos que el licenciado Rosa Rosa infringió los Cánones 9, 12 y 18 del Código de Ética Profesional. No hay dudas de que el licenciado Rosa Rosa ignoró e incumplió la orden dictada por el Tribunal de Primera Instancia durante varios años. Ello denota una evidente falta de respeto a la autoridad y dignidad del tribunal, y constituye una patente violación del Canon 9. La desatención de la orden judicial por ese periodo extenso de tiempo produjo, a su vez, que el letrado incumpliera con el deber impuesto en el Canon 12. La displicencia del licenciado Rosa Rosa para evitar la dilación indebida en la solución de la causa de su cliente tuvo la consecuencia de dejarlo desprovisto de una representación diligente que defendiera cabalmente sus intereses. Es decir, con tal conducta infringió el Canon 18

por no defender los intereses de su cliente con la debida diligencia.

Ninguna de las defensas y argumentaciones que el letrado presentó para justificar su omisión y tardanza en la presentación del proyecto de sentencia nos mueven a sostener lo contrario. En primer lugar, el licenciado Rosa Rosa argumentó que la orden emitida por el tribunal no fue "clara, específica y definida" porque sólo mencionó "se someterá el proyecto" y, además, sostuvo que nunca recibió una segunda orden por parte de dicho foro. Dichos argumentos no nos convencen.

Tal y como comprobó la Comisionada Especial al evaluar la transcripción de la vista, el Tribunal de Primera Instancia **sí fue claro al dictar la orden y fue el propio letrado el que escogió el término de 30 días.** Además, la minuta ordenó diáfanamente que se sometiera el proyecto. De esa forma, es evidente que la orden del tribunal fue clara y específica, por ende, no se justifica la displicencia mostrada por el licenciado Rosa Rosa.

En segundo lugar, tampoco tiene méritos la contención de que para cumplir una orden judicial el tribunal tiene que emitirla más de una vez. No existe ningún fundamento en Derecho que sostenga que para cumplir con una orden judicial el tribunal tiene que emitirla en varias ocasiones. Cónsono con lo anterior, el licenciado Rosa Rosa arguyó en su defensa que la obligación de dictar sentencia no era suya sino, exclusivamente del tribunal. De esa forma, sostuvo que no se le debía adjudicar responsabilidad

por dicha tardanza. Aunque ciertamente la obligación de dictar sentencia es exclusiva del tribunal y en el cumplimiento de tal deber éste debe hacer uso de sus recursos para asegurar el cumplimiento de sus órdenes, ello no justifica la actuación del licenciado Rosa Rosa al incumplir la orden del tribunal. Así, pues, independientemente del grado de responsabilidad que pudo tener el foro judicial por no dictar la sentencia rápidamente, lo cierto es que la tardanza del letrado en la presentación del proyecto de sentencia contribuyó a la dilación de la causa.

Tercero, el licenciado Rosa Rosa defendió su actuación al sostener que, por razón de un cambio en las circunstancias personales del demandado en la acción civil en la que representaba al quejoso, cualquier sentencia que se pudiese obtener sería "casi imposible de ejecutar y cobrarla". Lo anterior es inmeritorio. Un abogado, como representante legal de su cliente, tiene la obligación de promover que se emita una sentencia favorable en el pleito que representa. Dicha obligación va más allá de si la sentencia que advenga en su día pueda ejecutarse o no. Además, sostener lo contrario sería avalar actuaciones que se sustentan en las suposiciones o en la incertidumbre del futuro.

IV

Hemos expresado reiteradamente que, al determinar la sanción disciplinaria aplicable a un abogado querellado, podemos tomar en cuenta varios factores. Entre estos se

encuentran, la reputación del abogado en su comunidad, el previo historial de éste, si es su primera falta, la aceptación de la falta y su sincero arrepentimiento, si se trata de una conducta aislada, el ánimo de lucro que medió en su actuación, resarcimiento al cliente y cualesquiera otras consideraciones ya sean atenuantes o agravantes que medien de acuerdo a los hechos.[23]

En el presente caso acogemos como atenuantes que se trata de la primera queja que se presenta contra el licenciado Rosa Rosa en 50 años que lleva en la práctica de la abogacía y que, más allá de la actuación que originó este proceso disciplinario, su desempeño en el trámite del caso fue uno diligente. De igual forma, tomamos en consideración el hecho de que la tardanza del tribunal en dictar sentencia no puede ser atribuida solamente a la conducta del licenciado. En vista de lo anterior, amonestamos al Lcdo. Ángel E. Rosa Rosa por su conducta. Le advertimos que en el futuro deberá ser más cuidadoso con el trabajo que desempeña.

Se dictará sentencia de conformidad.

---

[23] *In re* Díaz Ortiz, 150 D.P.R. 418, 427 (2000); *In re* Arroyo Rivera, 148 D.P.R. 354 (1999).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ángel E. Rosa Rosa                    CP-2009-1          Conducta
                                                         Profesional

SENTENCIA

San Juan, Puerto Rico, a 9 de diciembre de 2011.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se amonesta al Lcdo. Ángel E. Rosa Rosa por su conducta. Le advertimos que en el futuro deberá ser más cuidadoso con el trabajo que desempeña.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez no intervinieron.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo