
Versión para imprimir

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br><br><br>Thomas Jimmy Rosario | 2012 TSPR 26<br><br><br>184 DPR ____ |

Número del Caso: AB-2008-53
                 AB-2010-87

Fecha: 31 de enero de 2012

Colegio de Abogados de Puerto Rico

        Lcda. María de Lourdes Rodríguez

Materia: Conducta Profesional- La suspensión será efectiva el 9 de febrero de 2012 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Thomas Jimmy Rosario Martínez | Núm. **AB-2008-53**  **AB-2010-87** | Sobre:  Conducta Profesional |
|---|---|---|

*PER CURIAM*

En San Juan, Puerto Rico, a 31 de enero de 2012.

Según se desprende de los récords de este Tribunal, el Lcdo. Thomas Jimmy Rosario Martínez (Lcdo. Rosario Martínez) ha incurrido en un serio patrón de incumplimiento con los requerimientos de este Foro. Es por ello que, a base de los eventos que detallamos a continuación y conforme a las consideraciones éticas pertinentes, nos vemos obligados a separarlo indefinidamente del ejercicio de la profesión.

**I**

El Lcdo. Rosario Martínez fue admitido al ejercicio de la abogacía el 31 de mayo de 1977 y al ejercicio de la notaría el 13 de junio de 1977. Se han presentado dos Quejas en contra de éste, las que resumimos a continuación.

**AB-2008-53**

El 11 de marzo de 2008, mediante "Moción Informativa sobre Incumplimiento de Colegiado", el Colegio de Abogados nos informó de una queja sometida por el Sr. Jesús Pabón Quiñones (Sr. Pabón o el querellante) en contra del Lcdo. Rosario Martínez el 21 de septiembre de 2007. Indicó la Oficial Investigadora que, no obstante habérsele exigido al letrado la contestación a sus requerimientos en cuatro (4) ocasiones diferentes, a esa fecha aún éste no había respondido.

Así pues, el 14 de mayo de 2008 le ordenamos al Lcdo. Rosario Martínez a: (1) responder en diez (10) días a los requerimientos del Colegio de Abogados y (2) exponer ante este Foro las razones por las cuales no debería ser disciplinado por desatender los requerimientos del Colegio de Abogados. Se le apercibió que su incumplimiento con lo dispuesto en nuestra Resolución podría conllevar sanciones severas, incluyendo su suspensión al ejercicio de la profesión. Copia de esta Resolución se le entregó personalmente el 30 de mayo de 2010.

El letrado sometió una "Moción Informativa" el 12 de junio de 2008, la cual referimos al Colegio de Abogados mediante Resolución de 29 de julio de 2008.

El 30 de septiembre de 2008, el Colegio de Abogados sometió una "Moción en Cumplimiento de Orden" en donde nos informó que, conforme la contestación del Lcdo. Rosario

Martínez recibida el 20 de agosto de 2008, el letrado había indicado que estaba dispuesto a devolverle en su totalidad al querellante el dinero correspondiente, lo que pondría fin al asunto. Procedimos entonces al archivo del proceso. Véase Resolución del 27 de octubre de 2008.

El 26 de abril de 2010 compareció nuevamente ante nosotros el Colegio de Abogados a través de una "Moción Informativa sobre Incumplimiento de Colegiado" indicándonos que, a pesar del arreglo pactado de devolver los mil trescientos cincuenta y nueve dólares ($1,359.00) al Sr. Pabón, el Lcdo. Rosario Martínez no había cumplido con su parte del acuerdo. Asimismo, informó que ninguna de las partes se había comunicado con la Comisión de Ética durante los últimos seis meses.

En vista de lo anterior, el 28 de mayo de 2010 emitimos una Resolución ordenando al Lcdo. Rosario Martínez a que, en el término de veinte (20) días, mostrara causa por la cual no debía ser disciplinado por no haber devuelto los dineros al quejoso. Se le apercibió, además, que su incumplimiento podría conllevar sanciones disciplinarias, incluyendo la suspensión indefinida de la profesión. Dicha Resolución le fue notificada personalmente al letrado el día 8 de junio de 2010.

El 28 de junio de 2010 el Lcdo. Rosario Martínez sometió una "Moción Solicitando Prórroga" de sesenta (60)

días para proveernos "la información comprobada de haber cumplido a cabalidad".

Debido a que no recibimos ningún documento ulterior de parte del Lcdo. Rosario Martínez, el 29 de octubre de 2010 emitimos otra Resolución, esta vez concediéndole el término "final" de treinta (30) días para acatar lo previamente ordenado. Nuevamente se le apercibió de que su incumplimiento podría conllevar sanciones disciplinarias, incluyendo la suspensión indefinida de la profesión.

Transcurrido en exceso de un año, aún no hemos recibido respuesta a nuestras órdenes relacionadas a este asunto.

**AB-2010-87**

Asimismo, el 26 de abril de 2010 el Colegio de Abogados sometió una "Moción Informativa sobre Incumplimiento de Colegiado" en donde nos informó que, luego de meses de requerimientos y correspondencia, el Lcdo. Rosario Martínez se había comprometido a devolverle a los querellantes Wanda L. Maldonado Adorno, Marta Adorno Adorno y Juan E. Maldonado Santiago (los querellantes) la suma de mil dólares ($1,000.00) por adelantos de honorarios recibidos por servicios no prestados. No obstante, el abogado no había cumplido con lo pactado.

El 29 de octubre de 2010 le ordenamos al Lcdo. Rosario Martínez que, en el término de veinte (20) días,

mostrara causa por la cual no debería ser disciplinado por no haber devuelto los dineros a los quejosos. Nuevamente se le apercibió de las consecuencias de no responder a nuestro requerimiento.

A pesar de que nuestra Resolución le fue notificada personalmente al letrado el 15 de noviembre de 2010, es decir, hace más de un año, éste aún no ha respondido a la misma.

## II

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 9 (2002) exige que los abogados respondan pronta y diligentemente a las órdenes del tribunal, a la vez que les compele a comparecer a los señalamientos que le sean notificados. In re Nieves Nieves, 181 D.P.R. 25, 34 (2011); In re Segarra Arroyo, 180 D.P.R. 434 (2010); In re Dávila Toro, 179 D.P.R. 833 (2010). Habitualmente hemos acudido a los preceptos del Canon 9 para atender situaciones en las que los abogados hacen caso omiso a los requerimientos de este Foro durante el trámite de los procedimientos disciplinarios llevados en su contra. Íd.

Según hemos advertido con anterioridad, la obligación de responder a nuestros requerimientos cobra mayor relevancia dentro del contexto de un proceso disciplinario. In re Fontán La Fontaine, 2011 T.S.P.R.

140, 182 D.P.R. _____ (2011); In re Fiel Martínez, 180 D.P.R. 426, 430 (2010). "La naturaleza de la función del abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos relacionados con su conducta profesional." In re Vellón Reyes, 181 D.P.R. 928, 932 (2011).

El deber de cumplir con las exigencias del trámite disciplinario se extiende a requerimientos hechos ya sea por el Colegio de Abogados, por el Procurador o por este Tribunal. In re Fontán La Fontaine, supra; In re Rosado Cruz, 176 D.P.R. 1012, 1015 (2009).

Notamos, además, que la obligación de ser diligentes y responsivos con nuestros requerimientos opera independientemente de los méritos de la queja que se haya presentado en su contra. In re Fiel Martínez, supra.

## III

En vista del craso incumplimiento del Lcdo. Thomas Jimmy Rosario Martínez con los requerimientos de este Tribunal,[1] decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría. Le ordenamos, por lo tanto, notificar a todos sus clientes su

---

[1] Cabe señalar, además, que el 28 de octubre de 2009 el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico nos remitió una Orden fechada el 16 de octubre de 2009, en la que se decretó la suspensión indefinida de la práctica al Lcdo. Rosario Martínez ante ese foro.

inhabilidad para continuar con su representación, así como devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos.

Igualmente, tiene el deber de informar oportunamente de su suspensión tanto a los foros judiciales como administrativos del país. Dichas gestiones deberán ser notificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Resolución y Sentencia.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial del Lcdo. Rosario Martínez, incluyendo su sello notarial, y deberá entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* al Lcdo. Rosario Martínez por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re: | | Sobre: |
| | | |
| | | Conducta Profesional |
| Thomas Jimmy Rosario Martínez | **Núm.** <u>AB-2008-53</u> <u>AB-2010-87</u> | |

SENTENCIA

San Juan, Puerto Rico, a 31 de enero de 2012.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Thomas Jimmy Rosario Martínez.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial del Lcdo. Rosario Martínez, incluyendo su sello notarial, y deberá entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente tanto la Opinión *Per Curiam* como esta Sentencia al Lcdo. Thomas Jimmy Rosario Martínez por la Oficina del Alguacil de este Tribunal.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Kolthoff Caraballo no intervinieron.


                        Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo