

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2012 TSPR 47 |
|--------|--------------|
| Salvador Acosta Rodríguez | 184 DPR \_\_\_\_ |

Número del Caso: TS-3643

Fecha: 17 de febrero de 2012

Materia: Conducta Profesional- La suspensión será efectiva el 13 de marzo de 2012 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| IN RE: | | Conducta Profesional |
|---|---|---|
| SALVADOR ACOSTA RODRÍGUEZ | Núm.: **TS-3643** | |

*PER CURIAM*

En San Juan, Puerto Rico, a 17 de febrero de 2012.

Según se desprende del expediente personal del Lcdo. Salvador Acosta Rodríguez (Lcdo. Acosta Rodríguez), a pesar de las múltiples oportunidades ofrecidas, éste ha incurrido en un grave y prolongado incumplimiento con los requerimientos de este Foro. Por consiguiente, nos vemos obligados a separarlo indefinidamente del ejercicio de la abogacía y la notaría.

**I**

El Lcdo. Acosta Rodríguez fue admitido al ejercicio de la abogacía y la notaría el 24 de noviembre de 1970 y el 2 de marzo de 1971, respectivamente. Después de más de cuarenta (40) años de desempeño profesional, el 18 de enero de 2011 el Lcdo. Acosta Rodríguez compareció ante esta Curia solicitando baja voluntaria tanto del ejercicio de la abogacía como la notaría.

En vista de ello, emitimos una Resolución el 25 de enero de 2011 requiriendo a la Oficina de Inspección de Notarías (ODIN) expresarse sobre la petición del Lcdo. Acosta Rodríguez en el término de veinte (20) días.

El 3 de mayo de 2011 la Directora de la ODIN sometió una "Moción Informativa y en Cumplimiento de Resolución". En la misma, hizo constar que mediante carta fechada el 9 de febrero de 2011, un Inspector de Protocolos de la ODIN le había solicitado al Lcdo. Acosta Rodríguez que entregara su obra notarial para fines de inspección y aprobación, según requerido por el Artículo 64 de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, 4 L.P.R.A. sec. 2104 (2010), según enmendada. Por consiguiente, el 23 de febrero de 2011 el Lcdo. Acosta Rodríguez entregó una parte de su obra notarial en la ODIN. No obstante, hasta el día de hoy, el letrado sigue en posesión de sus Protocolos correspondientes a los años 2007 y 2008, su Registro de Testimonios y su sello notarial. La ODIN identificó, además, algunas deficiencias que constan en lo entregado y que requieren corrección por parte del Lcdo. Acosta Rodríguez, incluyendo la falta de encuadernación, así como índices mensuales y anuales adeudados. En vista de ello, la ODIN nos solicitó le ordenásemos al Lcdo. Acosta Rodríguez la entrega del material pendiente de su obra notarial y que corrigiera las deficiencias notariales señaladas.

El 20 de mayo de 2011, mediante Resolución notificada vía correo el 24 de mayo de 2011, le concedimos al Lcdo. Acosta Rodríguez el término de treinta (30) días para cumplir con los señalamientos de la ODIN.

Ante el silencio del Lcdo. Acosta Rodríguez, en nuestra Resolución de 1 de julio de 2011, notificada el 6 de julio de 2011, mediante correo certificado con acuse de recibo, le conferimos veinte (20) días adicionales al letrado para informar las gestiones realizadas para cumplir con nuestra Resolución de 20 de mayo de 2011.

No obstante, a pesar del tiempo transcurrido, el Lcdo. Acosta Rodríguez nunca ha corregido las deficiencias notariales señaladas por la ODIN, ni ha comparecido ante nosotros para informar la razón para dicho incumplimiento. Por consiguiente, el 21 de octubre de 2011, notificada al Lcdo. Acosta Rodríguez personalmente el 31 de octubre de 2011, emitimos una tercera y última Resolución donde le concedimos un término final de veinte (20) días para que informara las gestiones realizadas para dar cumplimiento con nuestra Resolución de 20 de mayo de 2011. En la misma, se le apercibió al Lcdo. Acosta Rodríguez que su desatención continua a nuestros requerimientos podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión.

Transcurridos más de tres (3) meses, éste aún no ha comparecido ni existe evidencia de que haya efectuado las correcciones correspondientes en su obra notarial.

## II

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 9 (2002), regula la conducta de los abogados ante los tribunales y obliga que ésta sea una caracterizada por el mayor respeto. De acuerdo al criterio general de los cánones atinentes a los deberes del abogado para con los tribunales, los togados tienen que velar por "el más adecuado desenvolvimiento y desarrollo del proceso judicial" y "debe[n] realizar todas las gestiones propias y legales que estén a su alcance". 4 L.P.R.A. Ap. IX, Art. 9 (2002).

Este mandato dirigido a los miembros de la profesión jurídica incluye la ineludible obligación de observar y cumplir diligentemente con los requerimientos de este Tribunal, particularmente cuando se trata del trámite de procedimientos disciplinarios. In re Ramírez Ferrer, 2011 T.S.P.R. 210, 183 D.P.R. __ (2011); In re López Bocanegra, 2011 T.S.P.R. 195, 183 D.P.R. __ (2011); In re Asencio Márquez, 2011 T.S.P.R. 190, 183 D.P.R. __ (2011); In re Nieves Nieves, 181 D.P.R. 25, 34 (2011). "Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX." In re Pagán Pagán, 2012 T.S.P.R. 13, 183 D.P.R. __ (2011) (nota al calce omitida); In re Dávila Toro, 179 D.P.R. 833, 840 (2010).

La dejadez de un abogado frente a los señalamientos de esta Curia "constituye un acto de indisciplina, falta de respeto y contumacia hacia este Tribunal que sencillamente no puede ser tolerado". In re López Bocanegra, *supra*. La obstinación de un letrado en no darle cumplimiento a lo requerido de él es aun más grave cuando se le han concedido varias prórrogas para cumplir con lo ordenado.

Por esta razón, en innumerables ocasiones hemos establecido que la falta de un abogado en atender y obedecer las órdenes de este Tribunal oportunamente amerita su suspensión inmediata del ejercicio de la abogacía y la notaría. Véanse, entre muchos otros, In re Pagán Pagán, *supra*; In re Asencio Márquez, *supra*; In re Ramírez Ferrer, *supra*; In re López Bocanegra, *supra*; In re Nieves Nieves, *supra*; In re Segarra Arroyo, 180 D.P.R. 434, 437 (2010).

## III

En vista del incumplimiento reiterado del Lcdo. Salvador Acosta Rodríguez con los requerimientos de este Tribunal, lamentablemente nos vemos obligados a decretar su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría en lugar de autorizar su baja voluntaria tal como originalmente fue solicitado. Le ordenamos, por lo tanto, notificar a todos sus clientes su inhabilidad para continuar con su representación, así como

devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos.

Igualmente, tiene el deber de informar oportunamente de su suspensión tanto a los foros judiciales como administrativos del país. Dichas gestiones deberán ser notificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal procederá a incautarse de aquellas partes de la obra notarial que aún se encuentran bajo la custodia del Lcdo. Acosta Rodríguez, incluyendo específicamente sus Protocolos para los años 2007 y 2008, su Registro de Testimonios y su sello notarial. Éstos deberán ser entregados a la ODIN.

Notifíquese personalmente esta Opinión *Per Curiam* al Lcdo. Acosta Rodríguez por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

IN RE:

SALVADOR ACOSTA RODRÍGUEZ

Núm.: **TS-3643**

Conducta
Profesional

SENTENCIA

En San Juan, Puerto Rico, a 17 de febrero de 2012.

Por los fundamentos antes expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Salvador Acosta Rodríguez del ejercicio de la abogacía y la notaría. Le ordenamos, por tanto, notificar a todos sus clientes su inhabilidad para continuar con su representación, así como devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos.

Igualmente, tiene el deber de informar oportunamente de su suspensión tanto a los foros judiciales como administrativos del país. Dichas gestiones deberán ser notificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal procederá a incautarse de aquellas partes de la obra notarial que aún se encuentran bajo la custodia del Lcdo. Acosta Rodríguez, incluyendo específicamente sus Protocolos para los años 2007 y 2008, su Registro de Testimonios y su sello notarial. Éstos deberán ser entregados a la ODIN.

Notifíquese personalmente de la Opinión *Per Curiam* y de esta Sentencia al Lcdo. Acosta Rodríguez por la Oficina del Alguacil de este Tribunal.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo