per curiam:
Según se desprende del expediente personal del Ledo. Salvador Acosta Rodríguez (licenciado Acosta Ro-dríguez), a pesar de las múltiples oportunidades ofrecidas, éste ha incurrido en un grave y prolongado incumplimiento con los requerimientos de este Foro. Por consiguiente, nos vemos obligados a separarlo indefinidamente del ejercicio de la abogacía y la notaría.
*571 I
El licenciado Acosta Rodríguez fue admitido al ejercicio de la abogacía y la notaría el 24 de noviembre de 1970 y el 2 de marzo de 1971, respectivamente. Después de más de cuarenta años de desempeño profesional, el 18 de enero de 2011, el licenciado Acosta Rodríguez compareció ante esta Curia para solicitar su baja voluntaria, tanto del ejercicio de la abogacía como de la notaría.
Por ello emitimos una Resolución el 25 de enero de 2011 en la cual le requerimos a la Oficina de Inspección de No-tarías (ODIN) expresarse sobre la petición del licenciado Acosta Rodríguez en el término de veinte días.
El 3 de mayo de 2011, la Directora de ODIN sometió una Moción Informativa y en Cumplimiento de Resolución. En la misma hizo constar que mediante carta de 9 de fe-brero de 2011, un Inspector de Protocolos de ODIN le había solicitado al licenciado Acosta Rodríguez que entregara su obra notarial para inspeccionarla y aprobarla, según lo re-querido en el Art. 64 de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, según enmendada, 4 L.P.R.A. see. 2104. Por consiguiente, el 23 de febrero de 2011, el licenciado Acosta Rodríguez entregó una parte de su obra notarial en la ODIN. No obstante, hasta hoy, el letrado sigue en posesión de sus Protocolos correspondien-tes al 2007 y 2008, su Registro de Testimonios y su sello notarial. ODIN identificó, además, algunas deficiencias que constan en lo entregado y que requieren corrección por parte del licenciado Acosta Rodríguez, incluso la falta de encuadernación, así como índices mensuales y anuales adeudados. Por eso, ODIN nos solicitó que le ordenáramos al licenciado Acosta Rodríguez la entrega del material pen-diente de su obra notarial y que corrigiera las deficiencias notariales señaladas.
El 20 de mayo de 2011, mediante Resolución notificada vía correo el 24 de mayo de 2011, concedimos al licenciado *572 Acosta Rodríguez el término de treinta días para cumplir con los señalamientos de ODIN.
Ante el silencio del licenciado Acosta Rodríguez, en nuestra Resolución de 1 de julio de 2011, notificada el 6 de julio de 2011, mediante correo certificado con acuse de re-cibo, le conferimos veinte días adicionales al letrado para informar las gestiones realizadas para cumplir con nuestra Resolución de 20 de mayo de 2011.
No obstante, a pesar del tiempo transcurrido, el licen-ciado Acosta Rodríguez nunca ha corregido las deficiencias notariales que señaló ODIN, ni ha comparecido ante noso-tros para informar la razón para dicho incumplimiento. Por consiguiente, el 21 de octubre de 2011, y notificada al licenciado Acosta Rodríguez personalmente el 31 de octu-bre de 2011, emitimos una tercera y última Resolución donde le concedimos un término final de veinte días para que informara las gestiones realizadas para dar cumpli-miento con nuestra Resolución de 20 de mayo de 2011. En la misma, se le apercibió al licenciado Acosta Rodríguez que su desatención continua a nuestros requerimientos po-dría conllevar sanciones disciplinarias severas, incluida la suspensión del ejercicio de la profesión.
Transcurridos más de tres meses, éste aún no ha com-parecido ni existe evidencia de que haya efectuado las co-rrecciones correspondientes en su obra notarial.
II
El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, regula la conducta de los abogados ante los tribunales y obliga que ésta se caracterice por el mayor respeto. De acuerdo con el criterio general de los cánones atinentes a los deberes del abogado para con los tribunales, los togados tienen que velar por el más adecuado desenvolvimiento y desarrollo del proceso judicial, y “debe [n] reali- *573 zar todas las gestiones propias y legales que estén a su alcance ...”. Deberes del abogado para con los tribunales, Criterio general, Código de Ética Profesional, 4 L.P.R.A. Ap. IX.
Este mandato dirigido a los miembros de la profesión jurídica incluye la ineludible obligación de observar y cumplir diligentemente con los requerimientos de este Tribunal, particularmente cuando se trata del trámite de procedimientos disciplinarios. In re Ramírez Ferrer, 183 D.P.R. 382 (2011); In re López Bocanegra, 183 D.P.R. 224 (2011); In re Asencio Márquez, 183 D.P.R. 659 (2011); In re Nieves Nieves, 181 D.P.R. 25, 34 (2011). “Hemos señalado reiteradamente que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX.” (Escolio omitido.) In re Pagán Pagán, 183 D.P.R. Ap. (2011). Véase In re Dávila Toro, 179 D.P.R. 833, 840 (2010).
La dejadez de un abogado frente a los señalamientos de esta Curia constituye un acto de indisciplina, falta de respeto y contumacia hacia este Tribunal que sencillamente no puede ser tolerado. In re López Bocanegra, supra. La obstinación de un letrado en no cumplir con lo que se requiere de él es aún más grave cuando se le han concedido varias prórrogas para cumplir con lo ordenado. Por esta razón, en innumerables ocasiones hemos establecido que la falta de un abogado en atender y obedecer las órdenes de este Tribunal oportunamente amerita su suspensión inmediata del ejercicio de la abogacía y la notaría. Véanse, entre muchos otros: In re Pagán Pagán, supra; In re Asencio Márquez, supra; In re Ramírez Ferrer, supra; In re López Bocanegra, supra; In re Nieves Nieves, supra; In re Segarra Arroyo, 180 D.P.R. 434, 437 (2010).
*574 III
Por el incumplimiento reiterado del licenciado Salvador Acosta Rodríguez con los requerimientos de este Tribunal, lamentablemente nos vemos obligados a decretar su sus-pensión inmediata e indefinida del. ejercicio de la abogacía y la notaría en lugar de autorizar su baja voluntaria, tal como originalmente fue solicitado. Le ordenamos, por lo tanto, notificar a todos sus clientes su inhabilidad para continuar representándolos, así como devolver, tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos.
Igualmente, tiene el deber de informar oportunamente de su suspensión, tanto a los foros judiciales como admi-nistrativos del país. Dichas gestiones las deberá notificar a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión Per Curiam y Sentencia.
El Alguacil de este Tribunal procederá a incautarse de aquellas partes de la obra notarial que aún se encuentran bajo la custodia del licenciado Acosta Rodríguez, incluso, específicamente, sus Protocolos para el 2007 y 2008, su Registro de Testimonios y su sello notarial. Estos se deben entregar a ODIN.

Notifíquese personalmente esta opinión per curiam al li-cenciado Acosta Rodríguez a través de la Oficina del Algua-cil de este Tribunal. Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.